UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

HARD DRIVE PRODUCTIONS, INC.
        Plaintiff,

v.
                                             ACTION NO. 2:11cv345

JOHN DOES 1-30,
        Defendants.

**OPINION AND ORDER**

This <u>Ex Parte</u> Motion for Leave to take Discovery prior to the Rule 26(f) Conference (ECF No. 3) is brought before the undersigned requesting that Plaintiff be permitted to perform limited discovery prior to the Rule 26(f) Conference. For the reasons herein, Plaintiff's motion for expedited discovery is GRANTED.

**I. FACTUAL AND PROCEDURAL HISTORY**

Plaintiff Hard Drive Productions, Inc., ("Plaintiff") filed a Complaint on June 17, 2011, for copyright infringement against John Does 1-30. ECF No. 1. The Plaintiff alleges that Defendants used BitTorrent based peer-to-peer networks to unlawfully distribute Plaintiff's copyrighted materials. In peer-to-peer-networks, each individual internet user is called a "peer" while an entire group of users is identified as a "swarm." Mot. Expedited Disc. Ex. A ¶ 9, ECF No. 3-1. The BitTorrent protocol allows every peer to download and upload a transferred file.

As the swarm continues to expand, the distribution of the copyrighted material quickens. Id. Plaintiff argues that because the BitTorrent protocol does not have a central server, the most effective way to combat content piracy is by identifying individual peers. Id. ¶ 11.

Plaintiff brings this Complaint based on information collected by Media Copyright Group, LLC ("MCG"), that suggests Defendants have been distributing and reproducing Plaintiff's copyrighted works. MCG used peer-to-peer forensic software to identify thirty (30) Internet Protocol ("IP") addresses that used the BitTorrent protocol for mass distribution and reproduction of the copyrighted material. Mot. Expedited Disc. Ex. A ¶ 12. An IP address is a specific number assigned by Internet Service Providers ("ISP") to customers. Id. ¶ 16. An ISP keeps records of internet users' information and assigns each individual internet user their own IP address. Id. ¶ 17. Many ISPs assign "dynamic" IP addresses that change over time and only keep customers names attached to the same IP address for a short period of time. Id. ¶ 16. Thus, it is not possible to match a user to an IP address once the logs have been deleted.

On the same day the Complaint was filed, Plaintiff filed an Ex Parte Motion for Leave to take Discovery prior to the Rule 26(f) Conference (ECF No. 3) to allow them to issue subpoenas pursuant to Fed. R. Civ. P. 45 to the ISPs. The requested subpoenas would be used to acquire the names, addresses, telephone numbers, email addresses, and Media Access Control address of Doe Defendants from the ISPs. Mot. Expedited Disc. 1. The Motion was referred to the undersigned Magistrate Judge on June 20, 2011.

## II. STANDARD OF REVIEW

Rule 26(b)(2) provides that the court may alter the frequency and extent of discovery as guided by the subsections in the Rule. Fed. R. Civ. P. 26(b)(2). The Court has "wide latitude in controlling discovery and . . . its rulings will not be overturned absent a showing of clear abuse

of discretion." Rowland v. Am. Gen. Fin., Inc., 340 F.3d 187, 195 (4th Cir. 2003). The discovery rules contained in the Federal Rules of Civil Procedure provide tools for a court to adjust the discovery time outlined by Rule 26, and "if warranted, to expedite the time for responding to the discovery sought." Physicians Interactive v. Lathian Sys., Inc., No. CA 03-1193-A, 2003 WL 23018270, at *4 (E.D. Va. Dec. 5, 2003). Courts have found that immediate discovery "should be granted when some unusual circumstances or conditions exist that would likely prejudice the party if he were required to wait the normal time." Fimab-Finanziaria Maglificio Biellese Fratelli Fila, S.p.A. v. Helio Import/Export, Inc., 601 F. Supp. 1, 3 (S.D. Fla. 1983) (citing Gibson v. Bagas Rests., 87 F.R.D. 60, 62 (W.D. Mo. 1980)).

In McMann v. Doe, the court held that leave to file subpoenas for early discovery should be granted if there is a showing of irreparable harm and need to proceed ex parte. McMann v. Doe, 460 F. Supp. 2d 259, 265-66 (D. Mass. Oct. 31, 2006). When these factors are proven, expedited discovery is needed to ensure that "justice is done to end the alleged harm." Id. at 266. In this case, the motion must proceed ex parte because the Doe Defendants are not named. The sole purpose of the expedited discovery is to name the Defendants.

### III. ANALYSIS

#### A. Irreparable Harm to Plaintiff

Plaintiff has sufficiently shown that they would suffer irreparable harm if expedited discovery is not granted. Through the collection of data by MCG, Plaintiff argues that their copyrighted works are being reproduced and distributed through the BitTorrent protocol peer-to-peer network. The IP addresses of thirty (30) peers were identified; however, no other information is known. Plaintiffs seek to acquire the names, addresses, telephone numbers, email addresses, and Media Access Control address of Defendant Does by issuing subpoenas to the six

3

ISPs listed in Exhibit A attached to the Complaint. ECF No. 1-2. Further, Plaintiff argues that expedited discovery is necessary because the ISPs will only keep the logs of the dynamic IP addresses for a short period of time. Mot. Expedited Disc. Ex. A ¶ 16. Without the IP logs, it will be impossible to match the IP addresses to the specific internet users. Thus, Plaintiff will not be able to serve the Complaint on Defendants and, in turn, will not receive remedies for the copyright infringement. See St. Louis Group, Inc. v. Metals & Additives Corp., No. L-11-22, 2011 U.S. Dist. LEXIS 55845, at *12 (S.D. Tex. Apr. 26, 2011) (citing McMann v. Doe, 460 F. Supp. 2d 259, 265-66 (D. Mass. 2006)) (holding a court should allow expedited discovery on the basis of irreparable harm if the plaintiff will otherwise be denied the proper remedy); Sony Music Entm't Inc. v. Does 1-40, 326 F. Supp. 2d 556, 565-66 (S.D.N.Y. July 26, 2004) (allowing expedited discovery when there is a central need for the subpoenaed information in order to advance the claim).

A majority of District Courts have granted expedited discovery where evidence for an infringement action may no longer be available at a later date. See Monsanto Co. v. Woods, 250 F.R.D. 411, 413 (E.D. Mo. 2008); McMann v. Doe, 460 F. Supp. 2d 259, 265-66 (D. Mass. Oct. 31, 2006); Pod-ners, LLC v. N. Feed & Bean of Lucerne Liab. Co., 204 F.R.D. 675, 676 (D. Colo. 2002); St. Louis Group, Inc. v. Metals & Additives Corp., 2011 U.S. Dist. LEXIS 5584, at *11-12 (S.D. Tex. Apr. 26, 2011); Warner Bros. Records Inc. v. Does 1-4, No. 207cv0424TC, 2007 WL 1960602, at *2 (D. Utah July 5, 2007). But see Millennium TGA, Inc. v. Does 1-21, No. 11-2258SC, 2011 WL 1812786, at *2 (N.D. Cal. May 12, 2011) (holding that the request for leave to take early discovery is denied "[b]ecause [p]laintiff has not established that its conspiracy claim could survive a motion to dismiss").

### B. Lack of First Amendment Protection

Further, this Court must review the Doe Defendants' qualified First Amendment right to anonymous expression. See Warner Bros. Records, Inc. v. Doe, No. 5:08-CV-116-FL, 2008 WL 5111884, at *6 (E.D.N.C. Sept. 26, 2008). The First Amendment protection applies to anonymous speech and the internet. Warner Bros. Records, Inc., 2008 WL 5111884, at *7 (citing Buckley v. Am. Constitutional Law Found., 525 U.S. 182, 200 (1999); Reno v. ACLU, 521 U.S. 844, 870 (1997)). However, this protection does not apply to acts of copyright infringement. Id. (citing Harper & Row Publishers, Inc. v. Nation Enters., 471 U.S. 539, 555-56 (1985)). The Court in Sony Music Entm't v. Does 1-40, held that copyright infringers do not have an expectation for First Amendment protection of anonymous speech. Id. (citing Sony Music Entm't v. Does 1-40, 326 F. Supp. 2d 556, 564 (S.D.N.Y 2004)). Specifically, Defendants do not have an expectation of privacy in the reproduction and distribution of the electronic media without the permission of the copyright holder. See Warner Bros. Records Inc., 2008 WL 5111884, at *30-31.

Under 47 U.S.C.A § 551(c)(2)(B), an ISP can disclose personal identification information of an internet user "pursuant to a court order authorizing such disclosure, if the subscriber is notified of such order by the person to whom the order is directed[.]" Because of Defendants' limited right to free speech, the requested subpoenas would not violate their First Amendment rights. Additionally, the expedited discovery is important to furthering litigation because the ISP may destroy Defendants' personal records of previous IP addresses:

> (e) Destruction of information
> A cable operator shall destroy personally identifiable information if the information is no longer necessary for the purpose for which it was collected and there are no pending requests or orders for access to such information under subsection (d) of this section or pursuant to a court order.

47 U.S.C.A § 551(e). Thus, the First Amendment does not preclude the Court from granting expedited discovery of Doe Defendants' identities by the ISPs. Sony Music Entm't Inc., 326 F. Supp. 2d at 564.

## IV. ORDER

For the foregoing reasons, the Court ORDERS that Plaintiff's Ex Parte Motion for Leave to take Discovery Prior to the Rule 26(f) Conference (ECF No. 3) be GRANTED. Accordingly it is hereby ORDERED that Plaintiff may immediately serve Rule 45 subpoenas, which are limited to the following categories of entities and information:

> From Internet Service Providers (ISPs) identified in the Exhibit A attached to the Complaint and any other entity identified as a provider of Internet service to one of the Doe Defendants in response to a subpoena or as a result of ongoing BitTorrent activity monitoring: information sufficient to identify each Defendant, including name, current (and permanent) address, telephone number, email address, and Media Access Control address; it is further

ORDERED any information disclosed to the Plaintiff in response to a Rule 45 subpoena may be used by the Plaintiff solely for the purpose of protecting Plaintiff's rights as set forth in its Complaint; it is further

ORDERED that Plaintiff and any entity which receives a subpoena shall confer, if necessary, with respect to the issue of payment for the information requested in the subpoena or for resolution of IP addresses which are not controlled by such entity, duplicate IP addresses that resolve to the same individual, other IP addresses that do not provide the name and other information requested of a unique individual, or for the entity's internal costs to notify its customers; it is further

ORDERED that any entity which receives a subpoena and elects to charge for the costs of production shall provide a billing summary and any cost reports that serve as a basis for such billing summary and any costs claimed by such entity; it is further

ORDERED that Plaintiff shall receive a copy of this Order along with any subpoenas issued pursuant to this Order; it is further

ORDERED that if any entity subpoenaed pursuant to this Order wishes to move to quash the subpoena, it must do so before the return date of the subpoena, which shall be 30 days from the date of service; it is further

ORDERED that the subpoenaed entity shall preserve any subpoenaed information pending the resolution of any timely-filed motion to quash.

The Clerk is DIRECTED to mail a copy of this Opinion and Order to the counsel of record.

/s/
Tommy E. Miller
United States Magistrate Judge

Norfolk, Virginia
July 1, 2011