**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**NORFOLK DIVISION**

| | | |
|---|---|---|
| HARD DRIVE PRODUCTIONS, INC. | ) | CASE NO. 2:11-cv-345-HCM-TEM |
| | ) | |
| Plaintiff, | ) | Judge: Hon. Henry C. Morgan, Jr. |
| | ) | |
| v. | ) | Magistrate Judge: Hon. Tommy E. Miller |
| | ) | |
| JOHN DOES 1 – 30, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**RESPONSE OF PLAINTIFF, HARD DRIVE PRODUCTIONS, INC., IN OPPOSITION TO MOVANT'S MOTION TO QUASH OR VACATE SUBPOENA, TO DISMISS, OR IN THE ALTERNATIVE FOR SUMMARY JUDGMENT**

An anonymous individual ("Movant") claiming to be associated with Internet Protocol ("IP") address 69.143.57.188 filed a motion to quash an outstanding nonparty subpoena issued to Comcast Cable Holdings, LLC ("Comcast"). (Mot. to Quash or Vacate Subpoena, and to Dismiss or In the Alternative, Mot. for Summ. J., Aug. 5, 2011 [hereinafter Mot. to Quash #7], ECF No. 7.) Movant argues that the nonparty subpoena should be quashed because the Court lacks jurisdiction over him (*see id.* at 4, 7–10), and because Comcast's compliance with the subpoena would subject him to an undue burden. (*See id.* at 4, 10–26.) Movant further argues that he should be dismissed from the action because Plaintiff has failed to state a claim upon which relief can be granted. (*See id.* at 4, 26–38). Intermixed with these legal arguments, Movant also makes factual arguments—that he did not personally infringe Plaintiff's copyrighted work (*see id.* at 6–7), and that the modern technology used by Plaintiff is insufficient to identify individuals responsible for Internet-based copyright infringement (*see id.* at 11–37)—as well as repeated *ad hominem* attacks on Plaintiff and its counsel. (*See id.* at 13, 15, 17, 29, 38.)

**ARGUMENT**

This brief consists of nine parts. The first three parts identify general problems with Movant's motion, while the following six parts address the specific elements of Movant's arguments. Part I argues that the Court should strike the instant motion for failure to comply with multiple of the Court's own rules. Part II argues that Movant should not be allowed to proceed anonymously. Part III argues that Movant is not a party to this action and cannot properly bring motions under either Fed. R. Civ. P. 12(b) or Fed. R. Civ. P. 56. Part IV identifies multiple fatal flaws in Movant's personal jurisdiction arguments. Part V argues that Movant cannot credibly argue that Comcast's compliance with the nonparty subpoena would unduly burden him. Part VI argues that Plaintiff has stated a *prima facie* claim for copyright infringement. Part VII argues that Movant's arguments on the merits are premature and irrelevant to the instant motion. Part VIII argues that Movant's *ad hominem* attacks on Plaintiff and its counsel should be disregarded. Finally, Part IX argues that Movant's alternative motion for summary judgment should be denied as improperly raised and unsupported.

## I.   THE MOTION SHOULD BE STRICKEN FOR FAILURE TO COMPLY WITH MULTIPLE LOCAL COURT RULES

The Court should strike the instant motion for failure to comply with multiple rules. In most instances, individuals litigating *pro se* will be provided at least some leeway by courts, particularly in the case of complaints. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (holding that a *pro se* complaint must be "held to less stringent standards than formal pleadings drafted by lawyers"). Nevertheless, "[e]ven *pro se* litigants must state their claims in an understandable and efficient manner." *Peck v. Merletti*, 64 F. Supp. 2d 599, 602 (E.D. Va. 1999) (quoting *Stone v. Warfield*, 184 F.R.D. 553, 555 (D. Md. 1999)) (dismissing action where *pro se* plaintiff

"submitted hundreds of pages of documents with his pleadings and motions" written in a "stream of consciousness" style).

First, Movant has disregarded this Court's rules governing the form of briefs. Movant has submitted a thirty-seven page motion and supporting brief (*see* Mot. to Quash #7 at 2–38), accompanied by ninety-four pages of supporting documentation and a certificate of service. (*See id.* at 1, 39–133.) Local Rule 7(f)(3) provides that, "[e]xcept for good cause *shown in advance of filing*, opening and responsive briefs, exclusive of affidavits and supporting documentation, *shall not exceed thirty* (30) 8-1/2 inch x 11 inch pages double-spaced . . . ." L.R. 7(f)(3) (emphasis added). Movant has exceeded the Court's limit by seven pages, and has done so without an advance showing of good cause. Even if he had given advance notice, Movant would lack good cause for the excessive length of his brief—for example, Movant uses nearly three excess pages to detail a hypothetical analogy involving "boxes of free cookies" from a store called "Cornfast" which in fact contain "stolen sex toys." (Mot. to Quash #7 at 33–36.) In using multiple excess pages to weave a whimsical analogy with no clear relevance to the legal issues raised by his motion, Movant shows a fundamental disregard for the limited time and resources of this court.

Second, Movant has disregarded the Court's rules in his footnotes as well as in his body text. Local Rule 7(f)(3) also provides that "[a]ll briefs, *including footnotes*, shall be written in 12 point Roman style or 10 pitch Courier style . . . ." L.R. 7(f)(3) (emphasis added). Movant has instead used 9 or 10 point footnotes throughout, again disregarding the Court's rules and further increasing the already-voluminous amount of text comprising his brief. (*See* Mot. to Quash #7 at 2, 5, 6, 20, 31.)

Movant shows a fundamental disregard for the rules of this Court. Movant has submitted a brief with seven excess pages without showing good cause for the same, has increased the

3

already-voluminous text of his motion by using improperly-formatted footnotes, and has failed to

include either an address at which papers can be served upon him or a telephone number at

which he can be reached. The Court should therefore strike the instant motion, or take any other

action it deems necessary, in light of Movant's failure to comply with multiple Local Rules.

## II.      MOVANT SHOULD NOT BE ALLOWED TO PROCEED ANONYMOUSLY

By bringing his motion anonymously, Movant improperly attempts to circumvent the

presumptive openness of judicial proceedings. Movant explains himself only by stating:

> In order to protect pro se's identity and not moot this Motion, pro
> se has adopted pseudonyms such as "Doe," "Doe pro se," "John
> Doe," "Doe with alleged IP address 69.143.57.188," etc. to be used
> in this filing and all papers associated with this filing. . . . Doe . . .
> has no way of verifying if the IP Address was in fact assigned to
> Doe on the date and time alleged. . . . Doe respectfully asks the
> court's leave to use the aforementioned pseudonyms in this filing
> and all papers associated with this filing . . . so as to not moot the
> Motion to quash or vacate the Subpoena.

(Mot. to Quash #7 at 2 n.1.)

The Court should deny Movant's attempt to proceed anonymously because he fails to

meet or discuss his burden to justify doing so. Federal Rule of Civil Procedure 11 provides that

"[e]very pleading, written motion, and other paper must be signed" and "must state the signer's

address, e-mail address, and telephone number." Fed. R. Civ. P. 11. This rule is intended to

maintain the integrity of the system of federal practice and procedure, deter baseless filings, and

streamline the administration and procedure of federal courts. *Business Guides, Inc. v. Chromatic

Commc'ns Enters., Inc.*, 498 U.S. 533, 552 (1990); *Cooter & Gell v. Hartmarx Corp.*, 496 U.S.

384, 393 (1990). "[P]arties to a lawsuit must typically openly identify themselves in their

pleadings to 'protect[] the public's legitimate interest in knowing all of the facts involved,

including the identities of the parties.'" *United States v. Microsoft Corp.*, 56 F.3d 1448, 1463

(D.C. Cir. 1995) (citing *Doe v. Frank*, 951 F.2d 320, 322 (11th Cir. 1992)); *see also Qualls v.*

*Rumsfeld*, 228 F.R.D. 8, 10 (D.D.C. 2005). Even so, it is within the discretion of the district court to grant the "rare dispensation" of anonymity. *Microsoft Corp.*, 56 F.3d at 1464 (quoting *James v. Jacobson*, 6 F.3d 233, 238 (4th Cir. 1993)).

Anonymous litigation has been permitted where the issues are "matters of a sensitive and highly personal nature such as birth control, abortion, homosexuality or the welfare rights of illegitimate children or abandoned families." *Southern Methodist Univ. Ass'n of Women Law Students v. Wynne & Jaffe*, 599 F.2d 707, 712–13 (5th Cir. 1979). The district court has a duty to consider the impact of a party's anonymity on both the public interest in open proceedings and on fairness to the opposing party. *Microsoft Corp.*, 56 F.3d at 1464. In conducting this balance, the court must weigh a plaintiff's "privacy concerns against the presumption of openness of judicial proceedings." *Doe v. Stegall*, 653 F.2d 180, 186 (5th Cir. 1981). Factors for the court to consider include:

> (1) whether the justification asserted by the requesting party is merely to avoid the annoyance and criticism that may attend any litigation or is to preserve privacy in a matter of sensitive and highly personal nature;
> (2) whether identification poses a risk of retaliatory physical or mental harm to the requesting party or even more critically, to innocent non-parties;
> (3) the ages of the persons whose privacy interests are sought to be protected;
> (4) whether the action is against a governmental or private party; and
> (5) the risk of unfairness to the opposing party from allowing an action against it to proceed anonymously.

*James v. Jacobson*, 6 F.3d at 238. The Doe Defendant in this case has no cognizable claim of privacy in his subscriber information that can outweigh Plaintiff's need for his identifying information. *See* discussion *infra* Part VI. Absent a compelling privacy interest, Movant should not be permitted to proceed anonymously. At least two other federal courts handling similar BitTorrent copyright infringement cases have ordered John Does who filed documents with the

court to also file a notice with the court indicating their identity by name, address, phone number, and email address. *See* Order to Show Cause 1–2, *Hard Drive Prods. v. Does 1–21*, No. 4:11-cv-59-SEB-WGH (S.D. Ind. July 27, 2011) (Barker, J.), ECF No. 22 (determining that "the Court cannot permit anonymous persons to litigate before it *pro se*" and requiring anonymous *pro se* defendants to "reveal his or her identity to the Court in an *ex parte* filing allowing the Court to decide whether the defendant can continue in that capacity"); Order Denying Implied Request to Proceed Anonymously 3, *Achte/Neunte Boll Kino Beteiligungs GMBH & Co. KG v. Does 1–4,577*, No. 10-453 (RMC) (D.D.C., Sept. 16, 2010) (Collyer, J.), ECF No. 91. This Court should do the same, and deny Movant the ability to proceed anonymously.

### III.    MOVANT IS NOT A PARTY TO THIS ACTION AND CANNOT PROPERLY BRING MOTIONS UNDER FED. R. CIV. P. 12(b) OR A MOTION FOR SUMMARY JUDGMENT UNDER FED. R. CIV. P. 56

Movant argues that the Court lacks jurisdiction over him and that Plaintiff has failed to state a claim upon which relief can be granted, and specifically cites Fed. R. Civ. P. 12(b)(2) and Fed. R. Civ. P. 12(b)(6) as the respective legal bases for his arguments. (Mot. to Quash #7 at 2, 4,  7–10, 26–38.) However, Movant is not yet a party to this action, and should not be allowed to stand in the shoes of a Doe Defendant to make pre-answer objections under Fed. R. Civ. P. 12(b). Movant also argues that summary judgment should be granted against Plaintiff (*e.g.*, Mot. to Quash #7 at 26, 38), but Fed. R. Civ. P. 56(a) provides only that "[a] *party* may move for summary judgment." Fed. R. Civ. P. 56(a). As an anonymous nonparty, Movant is ineligible to bring any of these arguments.

At this time, Movant is merely a third party who is on notice of his potential status as a party defendant. Courts agree that unserved defendants are not yet "parties" to an action. *Sampson v. Village Discount Outlet, Inc.*, No. 93-3296, 1994 WL 709278, at *2 (7th Cir. Dec. 16, 1994); *accord Arista Records, LLC v. Doe 3*, 604 F.3d 110, 115 (2d Cir. 2010) (affirming the

6

district court order adopting the magistrate judge's recommendation to deny the motion to dismiss because the "defendants, not having been served with process, were not yet parties") (internal quotation marks omitted); *Flex Homes, Inc. v. Ritz-Craft Corp of Michigan, Inc.*, No. 07-cv-1005, 2008 WL 746669, at *1 n.2 (N.D. Ohio Mar. 18, 2008) (unserved defendant is "not a party to th[e] motion to dismiss"); *c.f. F.T.C. v. Compagnie De Saint-Gobain-Pont-a-Mousson*, 636 F.2d 1300, 1310–11 (D.C. Cir. 1980) (describing the entity about whom the information was sought by subpoena as neither "an accused in a criminal action nor . . . a defendant in a civil action" but as "merely a third-party witness on notice of its potential status as a party defendant"). As a result, unserved defendants may not properly make motions under Rule 12(b) or Rule 56.

There are several reasons why Movant's implied request to be treated as a party at this stage of the litigation is improper. The first is the constitutional requirement of standing. Standing is "an essential and unchanging part of the case-or-controversy requirement of Article III." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992); *see also* U.S. Const. art. III. The closest Movant comes to being an adversary is the speculative concern that he *may* be added as a party once Comcast responds to Plaintiff's subpoena. This speculation about what Plaintiff *may* do falls far short of the high constitutional bar for concrete adverseness. *Spencer v. Kemna*, 523 U.S. 1, 11 (1998) (stating that it is the "burden of the party who seeks the exercise of jurisdiction in his favor clearly to allege facts demonstrating that he is a proper party to invoke judicial resolution of the dispute.") (internal quotation marks omitted). Federal courts across the country, reviewing similar BitTorrent copyright infringement cases, have recognized that plaintiffs retain full discretion over who they will actually name as defendants after the conclusion of discovery from nonparty ISPs. *See* Order 2, *MCGIP, LLC v. Does 1–14*, No. 11-cv-2887 (N.D. Ill. July 26,

7

2011) [hereinafter Lindberg July 26 Order] (Lindberg, J.), ECF No. 19 ("The Does may raise

these issues when plaintiff has named them as defendants, *if that action occurs*.") (emphasis

added); *Voltage Pictures, LLC v. Does 1–5,000*, No. 10-0873 (BAH), 2011 WL 1807438, at *2

(D.D.C. May 12, 2011) (Howell, J.) ("[T]he plaintiff may, based on its evaluation of [putative

defendants'] assertions, decide not to name these individuals as parties in this lawsuit. On the

other hand, the plaintiff may decide to name them as defendants in order to have an opportunity

to contest the merits and veracity of their defenses . . . .").

     Second, the prudential limitations on the exercise of federal court jurisdiction also

prevents Movant from asserting the rights of an unnamed defendant. *Allen v. Wright*, 468 U.S.

737, 751 (1984); *Warth v. Seldin*, 422 U.S. 490, 498 (1975); *Winkler v. Gates*, 481 F.3d 977, 979

(7th Cir. 2007). Prior to the completion of discovery from nonparty ISPs such as Comcast,

neither Plaintiff nor this Court should assume, based solely on the word of an anonymous

Movant, that Movant is the same as a Doe Defendant, or that Movant can speak for any Doe

Defendant. Movant even admits that he "has no way of verifying if the IP Address was in fact

assigned to Doe on the date and time alleged," and therefore should not be allowed to argue on

behalf of an as-yet-unidentified Doe Defendant. (Mot. to Quash #7 at 2 n.1.)

     The danger of allowing Movant to stand in the shoes of a Doe Defendant at this stage of

the litigation becomes especially apparent when examined in the context of the Federal Rules of

Civil Procedure ("FRCP"). Movant argues against the sufficiency of Plaintiff's pleadings, which

would be a defense raised in a pre-answer motion under FRCP 12(b)(6), if Movant were

considered a party. However, the FRCP require a proper 12(b) motion to be made by a party who

has been named and served with process. FRCP 12(h)(1)(A) specifies that any defense listed in

FRCP 12(b)(2)–(5) is waived if omitted from a pre-answer motion. The defenses subject to

waiver include, *inter alia*, "insufficient process" and "insufficient service of process." Fed R.

Civ. P. 12(b)(4)–(5). Movant could not possibly raise these defenses at this stage of the litigation

when there is no service of process to challenge. Yet, the rules dictate that if Movant's motion is

treated as including proper defenses under FRCP 12(b), the 12(b)(2)–(5) defenses not raised are

nevertheless waived. While waiver of certain defenses may be a defensible legal strategy, it is

not defensible for the Court to allow an anonymous individual, who by his own admission may

*or may not* be a Doe Defendant, to waive defenses on behalf of an unidentified Doe Defendant.

The Court should not indulge in the legal fiction of treating Movant as a party to this action, and

should therefore rule that Movant is ineligible to bring arguments under either FRCP 12(b) or

FRCP 56 at this stage of the litigation.

### IV.     MOVANT'S PERSONAL JURISDICTION CHALLENGE MUST FAIL

Movant argues that the Court lacks personal jurisdiction, and that therefore the subpoena

should be quashed. (Mot. to Quash #7 at 7–10.) This argument must fail, for two independent

reasons. First, Movant's challenge to personal jurisdiction is premature. Second, even if the

Court finds that an evaluation of personal jurisdiction is not premature, Plaintiff has made an

exhaustive good-faith *prima facie* showing of personal jurisdiction.

#### A.     Movant's Challenge to Personal Jurisdiction Is Premature

Movant's challenge to personal jurisdiction is premature at this stage of the litigation,

when the Court has limited means to evaluate Movant's specific connections with this forum.

*E.g.*, Lindberg July 26 Order 2 ("[T]he Does argue that this Court may lack personal jurisdiction

over them . . . . [This] argument is premature."); *MGCIP* [sic] *v. Does 1–316*, No. 10-C-6677,

2011 WL 2292958, at*2 (N.D. Ill. June 9, 2011) [hereinafter *Kendall June 9 Decision*] (Kendall,

J.) (denying multiple motions to dismiss for lack of personal jurisdiction as "premature" in a

similar factual and procedural context); *Virgin Records Am., Inc. v. Does 1–35*, No. 05-1918,

2006 WL 1028956, at *3 (D.D.C. Apr. 18, 2006); *see also London-Sire Records, Inc. v. Doe 1*, 542 F. Supp. 2d 153, 180–81 (D. Mass 2008) (finding it "premature to adjudicate personal jurisdiction" on the available record). A court cannot properly assess a defendant's contacts with a forum until the defendant has at least been identified. *Virgin Records*, 2006 WL 1028956, at *3; *see also Sony Music Entm't, Inc. v. Does 1–40*, 326 F. Supp. 2d 556, 567 (S.D.N.Y. 2004) (holding that "without identifying information sought by plaintiffs in the [ISP] subpoena, it would be difficult to assess properly the existence of personal jurisdiction over the Doe defendants").

Movant's argument is barely made; rather than argue that Movant or any Doe Defendant lacks contacts with the state of Virginia sufficient for general or specific jurisdiction, Movant instead focuses mainly on the idea that "Plaintiff[] only has the IP address[es] of the alleged infringers." (*E.g.*, Mot. to Quash #7 at 10.) Ironically, this very fact was a key reason behind the Court's Opinion and Order granting Plaintiff leave to take the discovery at issue here. (Op. & Order 3, July 1, 2011, ECF No. 5 ("In this case, the motion must proceed *ex parte* because the Doe Defendants are not named. The sole purpose of the expedited discovery is to name the Defendants.").) Movant believes differently, but cites only two irrelevant or distinguishable cases in support of his argument. First, *Recording Industry Association of America v. Verizon Internet Services, Inc.*, 351 F.3d 1229 (D.C. Cir. 2003), dealt solely with provisions of the Digital Millenium Copyright Act ("DCMA"), which is not at issue here because it does not provide the authority supporting the Court's Order. (*See generally* Op. & Order, July 1, 2011, ECF No. 5 (not citing any provision of the DCMA).) Second, Judge Baker's Order in *VPR Internationale v. Does 1–1017*, No. 2:11-cv-2068-HAB-DGB (N.D. Ill. Apr. 29, 2011), ECF No. 15, addressed a wholly distinguishable factual and procedural situation—namely, a motion for reconsideration of

the court's denial of early discovery in the context of a class action lawsuit. Furthermore, after instruction from the Seventh Circuit, Judge Baker instructed the plaintiffs to submit further briefing on the matter. *See* Text Order, *VPR Internationale v. Does 1–1017*, No. 2:11-cv-2068-HAB-DGB (N.D. Ill. June 28, 2011), ECF No. 20-1.

Even if Movant had directly denied that he has any significant contacts with this jurisdiction sufficient for general or specific jurisdiction, the Court currently has limited information to assess whether his jurisdictional defenses are valid and to evaluate possible alternate bases to establish jurisdiction. *Kendall June 9 Decision*, 2011 WL 2292958, at *2; *Voltage Pictures, LLC v. Does 1–5,000*, No. 10-0873, 2011 WL 1807438, at *9 (D.D.C. May 12, 2011); *see also, e.g.*, *London-Sire Records*, 542 F. Supp. 2d at 181 ("Even taking all of the facts in [movant's] application as true, it is possible that the Court properly has personal jurisdiction.").

Movant argues that "the court lacks personal jurisdiction over anyone," and indeed, the Court has not yet exercised personal jurisdiction over any Defendant. (Mot. to Quash #7 at 9.) The Court has only allowed Plaintiff leave to issue nonparty subpoenas. Plaintiff will be able to proceed only against named Defendants over whom this court has personal jurisdiction. *Call of the Wild Movie v. Does 1–1,062*, No. 10-455, 2011 WL 996786, at *9 (D.D.C. Mar. 22, 2011). After the Defendants are named and served, they will have an opportunity to file appropriate motions challenging this Court's jurisdiction and that will be the appropriate time for the resolution of this issue. *Kendall June 9 Decision*, 2011 WL 2292958, at *2; *Call of the Wild Movie*, 2011 WL 996786, at *9; *see also* Lindberg July 26 Order; *Virgin Records*, 2006 WL 1028956, at *3. Until that time, however, Movant's personal jurisdiction arguments are premature.

### B.    Plaintiff Has Made a *Prima Facie* Showing of Personal Jurisdiction

Even if the Court concludes that a discussion of personal jurisdiction is not premature, it should still deny Movant's motions because Plaintiff has made a *prima facie* showing of personal jurisdiction.

Plaintiff alleged that it used geolocation technology to trace Movant's IP address to a point of origin within Virginia. (Compl. ¶ 6.) Although geolocation is not a litmus test for personal jurisdiction, its use for the purpose of preliminary screening has been championed even by pro-piracy groups. *See* Decl. of Seth Schoen ¶¶ 2, 4, 15–22, *OpenMind Solutions, Inc. v. Does 1–1,295*, No. 3:11-cv-00092-GPM-SCW (S.D. Ill. Mar. 22, 2011), ECF No. 15-2. Use of the exact same geolocation technology described in Mr. Schoen's declaration predicted the physical location of the Doe Defendant associated with IP address 69.143.57.188 to be Alexandria, Virginia. *See GeoLite City/ISP/Organization Demo*, MaxMind, http://www.maxmind.com/app/lookup_city?type=geolite (enter "69.143.57.188 " in text entry box; then click "Lookup IP Addresses" button) (last visited Aug. 16, 2011). Physical presence establishes personal jurisdiction. *E.g.*, *Burnham v. Superior Court of Cal., Cnty. of Marin*, 495 U.S. 604, 619 (1990) ("The short of the matter is that jurisdiction based on physical presence alone constitutes due process . . . ."). Plaintiff has thus made a good-faith effort to name only Doe Defendants over whom personal jurisdiction can be incontrovertibly established by their physical presence within the Commonwealth of Virginia.

Even absent the use of geolocation technology, Plaintiff has made a sufficient *prima facie* showing of personal jurisdiction at this stage of the litigation. A federal court deciding a case on similar facts found that plaintiffs had made a *prima facie* showing of personal jurisdiction over an anonymous downloader of copyrighted music. *Virgin Records*, 2006 WL 1028956, at *4. Plaintiffs alleged that the defendant, without the permission or consent of plaintiffs, offered to

12

the public—including persons within the court's jurisdiction—plaintiffs' copyrighted sound recordings; in exchange, defendant was able to download recordings made available by others, including persons within the Court's jurisdiction. *Id.* The court in *Virgin Records* found these allegations sufficient for a *prima facie* showing. These allegations are virtually identical to the allegations in Plaintiff's Complaint. (*See* Compl. ¶¶ 6, 11, 13–15, 23–24.) The defendants offered to the public—including persons in Virginia—Plaintiff's copyrighted Video via BitTorrent software; in exchange, defendants were able to download files made available by others, including persons in Virginia. This infringing activity is enough to establish specific personal jurisdiction under the Virginia long-arm statute, which specifies that a remote data transfer to or from a computer or computer network located within Virginia constitutes an act within Virginia. *See* Va. Code §§ 8.01-328.1(A)(3), (B), 18.2-152.2.

Although Movant's personal jurisdiction arguments are premature at this stage of the litigation, Plaintiff has nevertheless exhaustively established a *prima facie* showing of personal jurisdiction. Further, Plaintiff has acted in good faith by taking precautions to name only Doe Defendants that reside in the Commonwealth of Virginia. Movant's personal jurisdiction challenge should therefore be denied.

## V.    MOVANT CANNOT CREDIBLY BRING UNDUE BURDEN ARGUMENTS, AS THEY PROPERLY LIE WITH COMCAST AND NOT MOVANT

Movant claims that the subpoena should be quashed because Comcast's compliance would unduly burden him. (Mot. to Quash #7 at 10–26.) "When a non-party claims that a subpoena is burdensome and oppressive, the non-party must support its claim by showing how production would be burdensome." *In re Subpoena Duces Tecum to AOL, LLC*, 550 F. Supp. 2d 606, 612 (E.D. Va. 2008). "[T]he burden [of proof] is a heavy one," requiring Movant to establish that compliance with the subpoena would be "unreasonable and oppressive." *In re*

*Yassai*, 225 B.R. 478, 483–84 (Bankr. C.D. Cal. 1998) (citing *Williams v. City of Dallas*, 178 F.R.D. 103, 109 (N.D. Tex. 1998)). One way a nonparty subpoena may impose an undue burden on a party or unrelated nonparty is if the subpoena is overbroad. *See AOL*, 550 F. Supp. 2d at 612 (citing *Theofel v. Farey-Jones*, 359 F.3d 1066, 1071–72, 1077 (9th Cir. 2004)) (finding undue burden from overbreadth where nonparty subpoena requested all emails sent or received by another nonparty witness over a six-week period). Movant cannot claim any hardship at this juncture; only the nonparty ISP subject to Plaintiff's subpoena could potentially claim the same.

The exhaustive list of situations in which a court may quash or modify a subpoena is set forth in Fed. R. Civ. P. 45(c)(3). Movant's only allowable basis for quashing a subpoena is if it "requires disclosure of privileged or other protected matter, if no exception or waiver applies." *Id.* 45(c)(3)(A)(iii). No other 45(c)(3) grounds apply here; in particular, undue burden objections properly lie with subpoenaed ISPs, and not with Movant. *Kessel v. Cook Cnty.*, No. 00-3980, 2002 WL 398506, at *2 (N.D. Ill. Mar. 14, 2002) (noting that objections based on burden lie with the subpoenaed party and rejecting all of plaintiffs' objections to defendants' nonparty subpoenas except "the objections that are personal to the plaintiffs," namely "privacy, privilege and harassment"); *see also Call of the Wild Movie*, 2011 WL 996786, at *16 (describing undue burden test as balancing the burden imposed on the *party subject to the subpoena*, the relevance of the information sought, the breadth of the request, and the litigant's need for the information). Furthermore, the subpoena requests only a narrow selection of identifying information sufficient to achieve the goal of naming the Doe Defendants, and therefore is not overbroad. (*See* Op. & Order 3, 6, July 1, 2011, ECF No. 5.)

Movant essentially argues that Plaintiff's non-party subpoena requires him to litigate in this forum, and may possibly result in Movant being named as a Defendant, which causes him

14

hardship. *E.g.*, Mot. to Quash #7 at 24; *see also Voltage Pictures*, 2011 WL 1807438, at *3.

However, as explained more fully above, Movant has not yet been named as a party. *See*

discussion *supra* Part III; *Voltage Pictures*, 2011 WL 1807438 at *3. Because Movant is not a

named party, Movant is not required to respond to the allegations presented in Plaintiff's

Complaint nor otherwise litigate in this district. *Voltage Pictures*, 2011 WL 1807438, at *3.

Movant faces no obligation to produce any information under the subpoena issued to his

nonparty ISP and consequently "cannot claim any hardship, let alone undue hardship." *Id.*; *see*

*also Worldwide Film Entm't, LLC v. Does 1–749*, No. 10-0038, 2010 WL 19611962, at *2

(D.D.C. May 17, 2010) (finding that movant challenging non-party ISP subpoena cannot

demonstrate "*any* burden"). As Judge Chen of the Northern District of California wrote in

response to similar motions, "being named as a defendant in a case does not in and of itself

constitute an undue burden such that the subpoena should be quashed." Order Den. Does' Mots.

to Quash, *Hard Drive Prods., Inc. v. Does 1–46*, No. 11-1959 (N.D. Cal. June 16, 2011), ECF

No. 19.

    Movant bears a heavy burden of persuasion in establishing that Comcast's compliance

with the nonparty ISP subpoena would be unreasonable and oppressive—a burden that movant

has no chance of meeting, as several federal courts have recently ruled. Lindberg July 26 Order 1

("[G]iven that the subpoenas were issued to the Does' ISPs, rather than to the Does themselves,

any potential burden would be shouldered by the ISPs."); *Kendall June 9 Decision*, 2011 WL

2292958, at*1 (finding that because Plaintiff "issued the subpoenas to internet service

providers," the moving putative defendants "cannot maintain that the subpoenas create an undue

burden on them"). The Court should deny Movant's motion because only a subpoenaed ISP

could credibly bring an undue burden argument.

15

## VI.    PLAINTIFF HAS STATED A *PRIMA FACIE* CLAIM FOR COPYRIGHT INFRINGEMENT

Movant argues that Plaintiff's pleadings are defective, making a number of technological factual arguments that will be discussed further in the following section. (*See* Mot. to Quash #7 at 26–38.) Even assuming, *arguendo*, that Movant may appropriately raise a FRCP 12(b)(6) argument at all, Movant's argument is unavailing because Plaintiff has exhaustively satisfied the standard for a *prima facie* showing of copyright infringement.

This Court repeatedly cited *Sony Music Entm't v. Does 1–40*, 326 F. Supp. 2d 556 (S.D.N.Y. 2004), in its Opinion and Order granting early discovery. (*See* Op & Order 4, 5, 6, July 1, 2011, ECF No. 5.) The *Sony Music* court found that the plaintiffs had made a *prima facie* showing of copyright infringement by alleging (1) ownership of the copyrights or exclusive rights of copyrighted sound recordings at issue; and (2) that "each defendant, without plaintiffs' consent, used, and continue[d] to use an online media distribution system to download, distribute to the public, and/or make available for distribution to others certain" copyrighted recordings. 326 F. Supp. 2d at 565. Here, Plaintiff has made a similar *prima facie* showing of copyright infringement. First, it alleged ownership of the copyrights of the creative Video at issue in this case. (*See* Compl. ¶¶ 2, 18–20, 26.) Second, it also alleged supporting facts, identifying the copyrighted Video and describing how it was reproduced and distributed by Defendants using BitTorrent. (*See* Compl. ¶¶ 3, 22–24.) Thus, Plaintiff has exhaustively satisfied the standard for a *prima facie* showing of copyright infringement. Other federal courts, both within the Fourth Circuit and across the nation, have made similar rulings on pleadings that are equally if not less supported by factual allegations than those in the instant case. *E.g.*, *Sony BMG Music Entm't v. Doe*, No. 5:08-CV-109-H, 2009 WL 5252606, at *2–5 (E.D.N.C. Oct. 21, 2009) (denying motion to dismiss and collecting similar cases); *Warner Bros. Records, Inc. v. Doe*, 2008 WL

5111884, at *2–5 (E.D.N.C. Sept. 26, 2008) (same). Plaintiff has met the standard for a *prima facie* showing of copyright infringement despite Movant's extensive technology-based arguments on the merits, and the Court should therefore deny the instant motion.

## VII.    MOVANT'S FACTUAL DENIALS AND TECHNOLOGY-BASED ARGUMENTS ON THE MERITS ARE PREMATURE AND IRRELEVANT TO THE INSTANT MOTION

Movant claims that he has not infringed Plaintiff's copyrights and argues, at great length, that modern technology is not capable of establishing the identity of an individual associated with Internet-based copyright infringement or proving infringing conduct for which damages may be awarded. (*See* Mot. to Quash #7 at 6–7, 11–37.) However, a general denial of liability is not a basis for quashing Plaintiff's subpoena. *E.g.*, *MCGIP, LLC v. Does 1–18*, No. 11-1495, 2011 WL 2181620, at *1 (N.D. Cal. June 2, 2011) (Chen, J.) (citing *Voltage Pictures*, 2011 WL 1807438, at *2) (denying anonymous motion to quash).

Movant essentially asks the Court to reconsider its Opinion and Order granting Plaintiff leave to take early discovery (July 1, 2011, ECF No. 5), based on selective arguments concerning the precision of modern technology. For example, Movant assumes, incorrectly, that Plaintiff has the capability to discover the identities of Doe Defendants "from network traffic" and "without a court order," and argues that Plaintiff should have provided names of the Defendants. (Mot. to Quash #7 at 25–26.) In fact, as the Court has recognized, Plaintiff lacks the ability to identify and name Defendants without discovery, and furthermore the ISP records that Plaintiff needs are transitory. (*See* Op. & Order 3, 4–5, July 1, 2011, ECF No. 5.) Movant also draws the Court's attention to a 2008 paper on the subject of detecting copyright infringement activity via BitTorrent, when the proprietary software and procedures used by Plaintiff's agents to investigate infringement were actually developed in part to address the precise issues raised by the paper. Mot. to Quash #7 at 22–23, 27; Michael Piatek, et al., *Challenges and Directions for*

17

*Monitoring P2P File Sharing Networks, or, Why My Printer Received a DCMA Takedown Notice*, Department of Computer Science, University of Washington, *available at* http://dmca.cs.washington.edu/dmca_hotsec08.pdf (last visited Aug. 9, 2011). Plaintiff notes that arguments on the sufficiency of its technological methods are actually arguments on the merits, and "the merits of this case are not relevant to the issue of whether [Plaintiff's] subpoena is valid and enforceable." *Voltage Pictures*, 2011 WL 1807438, at *2 (quoting *Achte/Neunte Boll Kino Beteiligungs GMBH & Co., KG v. Does 1–4,577*, 736 F. Supp. 2d 212, 215 (D.D.C. 2010)) (denying anonymous motion to quash); *see also MCGIP*, 2011 WL 2181620, at *1 (same).

Movant may have valid defenses to this suit, possibly including that he has been "improperly identified by the ISP," but the time to raise those is after Movant has actually been identified and named as a party in this lawsuit—the latter being a step that Plaintiff may or may not choose to take based on its own evaluation of Movant's assertions. *Voltage Pictures*, 2011 WL 2181620, at *2; *see also Achte/Neunte Boll Kino Beteiligungs GMBH & Co., KG*, 736 F. Supp. 2d at 215 (denying motions to quash and stating that "such defenses are not at issue" before putative defendants are named parties); *Fonovisa, Inc. v. Does 1–9*, No. 07-1515, 2008 WL 919701, at *8 (W.D. Pa. Apr. 3, 2008) (denying motion to quash and stating that movant will be able to "raise, at the appropriate time [after being named as a party], any and all defenses, and may seek discovery in support of its defenses"). The Court should deny the instant motion because Movant's factual denials and merits-based technological arguments are premature and irrelevant.

## VIII.   MOVANT'S *AD HOMINEM* ATTACKS ON PLAINTIFF AND ITS COUNSEL DO NOT CONSTITUTE GROUNDS FOR DECIDING THE INSTANT MOTION

In addition to making legal and factual arguments, Movant engages in extensive *ad hominem* attacks against Plaintiff and Plaintiff's counsel. The Court should discard Movant's *ad*

*hominem* attacks because they are misguided and irrelevant to the legal matters presently before the Court.

Movant's *ad hominem* attacks increase in frequency and intensity with each page of the instant motion. Movant insinuates that the activities of Plaintiff and Plaintiff's counsel are unethical or illegal, writing that "even innocent people could be *blackmailed* or *extorted* into settlement." (Mot. to Quash #7 at 13 [emphasis added].) Movant further calls the investigatory activities of Plaintiff's agents "extremely questionable" and even "perverse." (*Id.* at 15.) Movant then states that Plaintiff's counsel is in the business of "*forcing* individuals to settle," that this constitutes "blackmail and extortion," and accuses Plaintiff and/or Plaintiff's counsel of barratry. (*Id.* at 17 [emphasis added].) Movant concludes that Plaintiff was "careless in collecting evidence" and comes before the Court to waste its resources on "a fishing expedition." (*Id.* at 29, 38.)

These arguments should be disregarded. The list of permissible grounds for quashing or modifying a subpoena does not include *ad hominem* attacks. *See* Fed. R. Civ. P. 45(c)(3). Plaintiff notes that barratry is defined as "the offense of stirring up litigation," that the Virginia legislature has provided that the offense "shall not be applicable to attorneys who are parties to contingent fee contracts," and that neither Plaintiff nor its counsel has ever been officially accused of or charged with the same. Va. Code § 18.2-451. Indeed, Movant offers only sweeping generalizations and insinuations—and no specific allegations—regarding the activities of Plaintiff and/or Plaintiff's counsel. (*See generally* Mot. to Quash #7.)

Over 200 years ago, the framers of the U.S. Constitution recognized that written works and other forms of artistic expression were deserving of legal protection. U.S. Const. art. I, § 8. These fundamental principles regarding protecting and fostering artistic creation did not

disappear simply because artistic works have transitioned from tangible to digital. *See Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.*, 545 U.S. 913, 928–29 (2005) (citing the concern that "digital distribution of copyrighted material threatens copyright holders as never before"). The digital age, however, has allowed infringement to occur on a massive scale. As described by Movant, Plaintiff's counsel is attempting to stem the tide of unabashed copyrighted infringement via BitTorrent. While Movant goes to great lengths to portray Plaintiff's counsel in a negative light, there is nothing wrong with a law firm focused on protecting intellectual property—except, of course, from the perspective of an infringer. Movant's *ad hominem* attacks should be discarded as irrelevant.

## IX.   MOVANT'S ALTERNATIVE MOTION FOR SUMMARY JUDGMENT SHOULD BE DENIED AS IMPROPERLY RAISED AND UNSUPPORTED

Finally, Movant suggests that his motion should be construed in the alternative as a motion for summary judgment. Because Movant is not a party to this action, he cannot properly bring a motion for summary judgment under FRCP 56, which allows that "[a] *party* may move for summary judgment . . . ." Fed. R. Civ. P. 56(a) (emphasis added); *see also* discussion *supra* Part III. Furthermore, Movant's own motion disputes multiple material facts and thus utterly fails to "show that there is no genuine dispute as to any material fact." Fed. R. Civ. P. 56(a); *see also* discussion *supra* Part VII. The Court should therefore deny the instant motion for summary judgment as improper and unsupported. If, however, the Court decides otherwise, Plaintiff respectfully requests an opportunity to submit further briefing on the matter. *See* Fed. R. Civ. P. 56(e)(1), (4) (allowing the Court discretion to "give an opportunity to properly support or address" the facts essential to justify a party's opposition to summary judgment" or to "issue any other appropriate order").

## CONCLUSION

The Court should deny Movant's motion. Movant has failed to comply with multiple of the Court's own rules, and should not be allowed to proceed anonymously. Movant is not a party to this action, and therefore cannot properly bring motions under either Fed. R. Civ. P. 12(b) or Fed. R. Civ. P. 56. Furthermore, Movant's personal jurisdiction arguments suffer multiple fatal flaws, Movant cannot credibly argue that Comcast's compliance with the nonparty subpoena would unduly burden him, Plaintiff has stated a *prima facie* claim for copyright infringement, and Movant's arguments on the merits are premature and irrelevant to the instant motion. Movant's *ad hominem* attacks on Plaintiff and its counsel provide no grounds for decision, and Movant's alternative motion for summary judgment is improperly raised and unsupported. For all the above reasons, Plaintiff respectfully requests an order denying the instant motion.


Respectfully submitted,


HARD DRIVE PRODUCTIONS, INC.

**DATED:** August 19, 2011

By:     /s/ Timothy V. Anderson
Timothy V. Anderson, Esq.
Anderson & Associates, PC
2492 North Landing Rd, Ste 104
Virginia Beach, Va 23456
VSB 43803
*Counsel for Plaintiff*
(757) 301-3636 tel
(757) 301-3640 fax
timanderson@virginialawoffice.com

21

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on August 19, 2011, all counsel of record who are deemed to have consented to electronic service are being served a true and correct copy of the foregoing document using the Court's CM/ECF system.


<u>/s/ Timothy Anderson</u>
TIMOTHY ANDERSON