Timothy McGlone
150 W. Brambleton Ave.
Norfolk, Va. 23501
757-446-2343
tim.mcglone@pilotonline.com



FILED

AUG 3 1 2011

CLERK, U.S. DISTRICT COURT
NORFOLK, VA

Fernando Galindo
Clerk of the Court
U.S. District Court
600 Granby St.
Norfolk, Va. 23510

RE: Memorandum in case 2-11-cv-00345, Hard Drive Productions Inc. v. John Does 1-30

Dear Mr. Galindo:                                        8/31/11

Pursuant to Local Civil Rule 5, section C, this is a memorandum in opposition to the motion to seal defendant identity, docket #9, in case 2-11-cv-345.

The motion states, in part, "Despite this country's strong tradition of access to judicial proceedings, there are situations in which a party's interest in privacy or confidentiality ... outweighs this strong presumption in favor of public access." (cite omitted) This memorandum argues that this case is not such a situation.

Doe argues that proceeding anonymously is necessary to protect Doe from "harassment, injury, ridicule, and personal embarrassment," as well as risks of "blackmail and extortion." Doe provides no evidence that such extreme actions have occurred in any other copyright infringement case, only ample suggestion that such things "could" happen.

This memorandum argues that the public interest in copyright infringement cases far outweighs the speculative risk of harm to Doe, nor is there precedent for continuing anonymously in such cases. The 3rd Circuit, in May, upheld a district judge's opinion dismissing a case when the plaintiff refused to identify himself. *See John Doe v. Thomas Megless in the U.S. District Court for the Eastern District of Pennsylvania, upheld by the 3rd U.S. Circuit Court of Appeals.*

The public and the media have had a substantial interest in copyright infringement cases, largely due to the intense interest in peer-2-peer file sharing. Courts across the country have offered differing opinions on what's allowed and what isn't.

If a hearing is necessary in this matter, I would like to be heard.

Attached is a list of cases favoring the openness of our courts.

Thank you for your consideration.


Sincerely

Timothy McGlone

Associated Press v. U.S. District Court, 705 F.2d 1143 (9th Cir. 1985)

Gannett Co., Inc. v. DePasquale, 443 U.S. 368 (1979)

Globe Newspaper Co. v. Superior Court, 457 U.S. 596 (1982)

In re Washington Post Co., 807 F.2d 383 (4thCir.1986)

Irvin v. Dowd, 366 U.S. 717 (1961)

Joy v. North, 692 F.2d 880 (2nd Cir. 1982)

Nat'l Broadcasting Co. v. Presser, 828 F.2d 340 (6th Cir. 1987)

Post v. United States, 161 U.S. 583 (1896)

Press-Enterprise Co. v. Superior Court, 464 U.S. 501 (1984)

Press-Enterprise Co. v. Superior Court, 478 U.S. 1 (1986)

Republic of Philippines v. Westinghouse Electric Corp., 949 F.2d 653 (3d Cir.)

Richmond Newspapers, Inc. v. Virginia, 448 U.S. 555 (1980)

Skilling v. United States, 130 S. Ct. 2896 (2010)

State ex rel. BSW Dev. Group v. Dayton, 83 Ohio St.3d 338, 699 N.E.2d 1271 (1998)

State ex rel. Cincinnati Enquirer v. Winkler, 101 Ohio St.3d 382, 805 N.E.2d 1094 (2004)

State ex rel. Dayton Newspapers v. Phillips, 46 Ohio St.2d 457, 351 N.E.2d 127 (1976)

State ex rel. Scripps Howard Broad. Co. v. The Cuyahoga County Court of Common Pleas, 73 Ohio St. 3d 19, 652 N.E.2d 179 (1995)

State ex rel. Toledo Blade Co. v. Henry County Court of Common Pleas, 125 Ohio St.3d 149, 926 N.E.2d 634 (2010)

State v. Gingell, 7 Ohio App.3d 364, 455 N.E.2d 1066 (Oh. App. 1992)

State v. Lawrinson, 49 Ohio St.3d 238, 551 N.E.2d 1261 (1990)

State v. Skatzes, 104 Ohio St.3d 195, 819 N.E.2d 215 (2004)

United States v. Anderson, 799 F.2d 1438 (11th Cir. 1986)

United States v. Gen. Motors Corp., 352 F. Supp. 1071 (E.D. Mich. 1973)

United States v. Haller, 837 F.2d 84 (2d Cir. 1988)

United States v. Kott, 380 F. Supp.2d 1112 (C.D. Cal 2004)

United States v. Smith, 776 F.2d 1104 (3rd Cir. 1985)

Washington Post v. Robinson, 935 F.2d 282 (D.C. Cir.1991)