**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DIVISION OF VIRGINIA
NORFOLK DIVISION**

| | | |
|---|---|---|
| HARD DRIVE PRODUCTIONS, INC. | ) | CASE NO. 2:11-cv-345-HCM-TEM |
| | ) | |
| Plaintiff, | ) | Judge: Hon. Henry C. Morgan, Jr. |
| | ) | |
| v. | ) | Magistrate Judge: Hon. Tommy E. Miller |
| | ) | |
| JOHN DOES 1 ó 30, | ) | |
| | ) | |
| Defendants. | ) | |
| —————————————————— | ) | |

**RESPONSE OF PLAINTIFF HARD DRIVE PRODUCTIONS, INC,
IN OPPOSITION TO MOVANT'S MOTION TO SEVER**

## **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ....................................................................................... iii

INTRODUCTION ...................................................................................................1

ARGUMENT ..........................................................................................................1

   I.   LEGAL STANDARD ......................................................................................1

   II.   JOINDER IS PROPER AT THE EARLY DISCOVERY STAGE OF THIS
       LITIGATION...........................................................................................2

      A.   Legal Standard for Joinder ......................................................................3

      B.   Plaintiff⌀s allegations exhaustively satisfy the Rule 20(a)(2) requirements for
         joinder. ...................................................................................................4

      C.   Joinder at the early discovery stage of the litigation promotes principles of
         fundamental fairness. ..............................................................................6

      D.   Severance at this stage of the litigation would separate an essentially unitary
         problem. .................................................................................................10

      E.   Courts that have found misjoinder in similar cases misunderstood the BitTorrent
         protocol. ................................................................................................11

      F.   The exclusive remedy for misjoinder is severance, not the quashing of a subpoena.....14

CONCLUSION.....................................................................................................16

# TABLE OF AUTHORITIES

**Cases**

*Boy Racer, Inc. v. Does 1–60*, No. C 11-01738 (N.D. Cal. Aug. 19, 2011), ECF No. 24 ............16

*Call of the Wild Movie, LLC v. Does 1–1,062*, No. 10-455, 2011 WL 996786 (D.D.C.
  Mar. 22, 2011) .......................................................................................... 9, 10, 12

*Coleman v. Quaker Oats Company*, 232 F.3d 1271 (9th Cir. 2000) ............................................7

*Dean v. Barber*, 951 F.2d 1210 (11th Cir. 1992)..............................................................19

*Donald v. Cook Cnty. Sheriff's Dept.*, 95 F.3d 548 (7th Cir. 1996) ..........................................19

*Donkeyball Movie, LLC v. Does 1–18*, No. 10-1520, 2011 WL 1807452 (D.D.C. May
  12, 2011)...............................................................................................................6

*First Time Videos, LLC v. Does 1–500*, No. 10 C 5254, 2011 WL 3498227 (N.D. Ill.
  Aug. 9, 2011) ...................................................................................................passim

*First Time Videos, LLC v. Does 1–76*, No. 11 C 3831, 2011 WL 3586245 (N.D. Ill.
  Aug. 16, 2011) ................................................................................................6, 17

*Gillespie v. Civiletti*, 629 F.2d 637 (9th Cir. 1980) .........................................................19

*Gordon v. Leeke*, 574 F.2d 1147 (4th Cir. 1978)..............................................................19

*Guest v. Leis*, 255 F.3d 325 (6th Cir. 2001) ...................................................................17

*Hard Drive Prods., Inc. v. Does 1–188*, No. C-11-01566 (N.D. Cal. Aug. 23, 2011),
  ECF No. 26 (Spero, J.) ............................................................... 14, 15, 16, 17

*Hard Drive Prods., Inc. v. Does 1–42*, No. C-11-01956 (N.D. Cal. July 14, 2011), ECF
  No. 14 .................................................................................................................15

*Hard Drive Prods., Inc. v. Does 1–44*, No. 11 C 2828 (N.D. Ill. Aug. 9, 2011)
  (Holderman, C.J.)..................................................................................................9

*Hard Drive Prods., Inc. v. Does 1–69*, C-11-03004, (N.D. Cal. Aug. 25, 2011), ECF
  Nos. 12613...........................................................................................................10

*In re Verizon Internet Servs., Inc.*, 257 F. Supp. 2d 244 (D.D.C. 2003), *rev'd on other
  grounds sub nom, Recording Indus. Ass'n of Am., Inc. v. Verizon Internet Servs.,
  Inc.*, 351 F.3d 1229 (D.C. Cir. 2003) ...................................................................18

*Kessel v. Cook Cnty.*, No. 00 C 3980, 2002 WL 398506 (N.D. Ill. Mar. 14, 2002).......................5

*League to Save Lake Tahoe v. Tahoe Reg. Plan. Agcy.*, 558 F.2d 914 (9th Cir. 1977)..............7, 8

*London-Sire Records v. Doe 1*, 542 F. Supp. 2d 153 (D. Mass. 2008).......................................13

*Maclin v. Paulson*, 627 F.2d 83 (7th Cir. 1980) ...............................................................19

*MCGIP, LLC v. Does 1–14*, No. 11-cv-2887 (N.D. Ill. July 26, 2011) (Lindberg, J.),
  ECF No. 19 ...........................................................................................................6

*MCGIP, LLC v. Does 1–149*, No. C 11-02331 (N.D. Cal. Aug. 15, 2011), ECF No. 13.......16, 17

*MCGIP, LLC v. Does 1–18*, No. 11-1495, 2011 WL 2181620 (N.D. Cal. June 2, 2011) 6, 8, 9, 18

*MCGIP, LLC v. Does 1–316*, No. 10-C-6677, 2011 WL 2292958 (N.D. Ill. June 9,
  2011)....................................................................................................................6

*Moore v. New York Cotton Exchange*, 270 U.S. 593 (1926)................................................7, 16

*Mosley v. General Motors Corporation*, 497 F.2d 1330 (8th Cir. 1974) ....................................7

*OpenMind Solutions, Inc. v. Does 1–39*, No. C 11-3311 (N.D. Cal. Aug. 23, 2011), ECF
No. 11 ...............................................................................................................15, 16

*Owens v. Haas*, 601 F.2d 1242 (2d Cir. 1979) ...............................................................19

*Pacific Century Int'l, Ltd. v. Does 1–101*, No. C-11-2533 (N.D. Cal. July 8, 2011), ECF
No. 7 .........................................................................................................................15

*Patrick Collins, Inc. v. Does 1–2,590*, No. C 11-02766 MEJ, 2011 WL 3740487 (N.D.
Cal. Aug. 24, 2011) ....................................................................................................8

*SEC v. Leslie*, No. C 07-3444, 2010 WL 2991038 (N.D. Cal. July 29, 2010) .............13

*Spencer, White & Prentis, Inc. v. Pfizer, Inc.*, 498 F.2d 358 (2d Cir. 1974)................13

*Stanley Works v. Haeger Potteries, Inc.*, 35 F.R.D. 551 (N.D. Ill. 1964)......................8

*UMG Recordings, Inc. v. Does 1–4*, No. 06-0652, 2006 WL 1343597 (N.D. Cal. Mar. 6,
2006) ........................................................................................................................18

*United Mine Workers of Am. v. Gibbs*, 383 U.S. 715 (1966) ...................................8, 10

*United States v. Hambrick*, Civ. No. 99-4793, 2000 WL 1062039 (4th Cir. Aug. 3,
2000) ........................................................................................................................18

*United States v. Kennedy*, 81 F. Supp. 2d 1103 (D. Kan. 2000) ..................................18

*United States v. Procter & Gamble*, 356 U.S. 677 (1958) ............................................19

*Voltage Pictures, LLC v. Does 1–5,000*, No. 10-0873 (BAH), 2011 WL 1807438
(D.D.C. May 12, 2011)......................................................................................6, 8, 9

*Wakefield v. Thompson*, 177 F.3d 1160 (9th Cir. 1999) ...............................................19

*Zaldana v. KB Home*, C 08-3399, 2010 WL 4313777 (N.D. Cal. Oct. 26, 2010).......13

## Rules

Fed. R. Civ. P. 20 ............................................................................................................7

Fed. R. Civ. P. 21 ...................................................................................................13, 17

Fed. R. Civ. P. 45 .............................................................................................5, 6, 17

## Treatises

Wright & Miller, *Federal Practice and Procedure*: Civil § 1653 .................................7

## INTRODUCTION

An anonymous individual ("Movant") claiming to be associated with Internet Protocol ("IP") address 69.143.57.188 included a new motion to sever with his reply to Plaintiff's response in opposition to his previous motion to quash or vacate an outstanding nonparty subpoena issued to Comcast Cable Holdings, LLC ("Comcast"). (Response To Pl.'s Opposition to Movant's Mot. To Quash Or Vacate Pl.'s Subpoena, To Dismiss, Or In The Alternative For Summary Judgment And Motion To Sever, Sept. 8, 2011 [hereinafter Mot. to Sever], ECF No. 12.) Movant argues that joinder of the thirty Doe Defendants is improper (*see id.* at 19–21), and that the Court should therefore quash or vacate the subpoena as well as sever Movant from the action. (*See id.* at 21.) Plaintiff addresses and refutes Movant's new arguments in this response.

This brief consists of three parts. Part I states the legal standard for deciding a motion to quash a subpoena. Part II demonstrates that joinder is proper at this early discovery stage of the litigation.

## ARGUMENT

### I.    LEGAL STANDARD

The exhaustive list of situations in which a court is required or permitted to quash or modify a subpoena is set forth in Fed. R. Civ. P. 45(c)(3). Movant's only allowable basis for quashing the subpoena is if it "requires disclosure of privileged or other protected matter, if no exception or waiver applies." *Id.* 45(c)(3)(A)(iii). No other 45(c)(3) grounds apply here: this subpoena does not require travel, it does not involve trade secrets or disclosure of an unretained expert's opinion, and undue burden or time for compliance objections properly lie with the subpoenaed party. Fed. R. Civ. P. 45(c)(3); *Kessel v. Cook Cnty.*, No. 00 C 3980, 2002 WL 398506, at *2 (N.D. Ill. Mar. 14, 2002) (undue burden or inconvenience objections properly lie with the subpoenaed party, and not with the objectors). And, if a movant is making a claim of

privilege or protection, then he must make this claim expressly and describe the nature of the information he is withholding. Fed. R. Civ. P. 45(d)(2)(A).

## II.     JOINDER IS PROPER AT THE EARLY DISCOVERY STAGE OF THIS LITIGATION

Movant argues that joinder of the thirty Doe Defendants is improper and "would result in numerous hurdles that would prejudice the defendants . . . ." (Mot. to Sever at 21.) However, "[t]he overwhelming majority of courts have denied as premature motions to sever prior to discovery" in comparable litigation. *First Time Videos, LLC v. Does 1–76*, No. 11 C 3831, 2011 WL 3586245, at *4 (N.D. Ill. Aug. 16, 2011) (Bucklo, J.) (collecting cases). Federal courts across the nation, considering other cases with nearly-identical facts, have decided that joinder is proper at the early discovery stage of litigation even when joinder may be improper at later stages. *E.g.*, Order 2, *MCGIP, LLC v. Does 1–14*, No. 11-cv-2887 (N.D. Ill. July 26, 2011) (Lindberg, J.), ECF No. 19; *MCGIP, LLC v. Does 1–316*, No. 10-C-6677, 2011 WL 2292958, at *2 (N.D. Ill. June 9, 2011) (Kendall, J.) (citing *Donkeyball Movie, LLC v. Does 1–18*, No. 10-1520, 2011 WL 1807452, at *4 (D.D.C. May 12, 2011)); *MCGIP, LLC v. Does 1–18*, No. 11-1495, 2011 WL 2181620, at *1 (N.D. Cal. June 2, 2011) (Chen, J.) (citing *Voltage Pictures, LLC v. Does 1–5,000*, No. 10-0873 (BAH), 2011 WL 1807438, at *4 (D.D.C. May 12, 2011)) (finding joinder "proper" at early stage of litigation, even where movant's assertion of misjoinder "may be meritorious"). Even if Movant's misjoinder challenge were not premature, it would fail on the merits.

In this section, Plaintiff explains why the vast majority of federal courts have found joinder proper at the early discovery stage of similarly pled complaints. The first subsection states the legal standard for permissive joinder. The next subsection argues that Plaintiff's allegations exhaustively satisfy the Rule 20(a)(2) pleading requirements for permissive joinder.

The following subsection demonstrates why joinder at the early discovery stage of the litigation promotes principles of fundamental fairness. The fourth subsection argues that severance at this stage of the litigation— where the identities of the Doe defendants are unknown— would separate an essentially unitary problem. The final two subsections argue, respectively, that courts that have found misjoinder in similar cases misunderstood the BitTorrent protocol and that the exclusive remedy for misjoinder is severance, not the quashing of a subpoena.

### A.  Legal Standard for Joinder

Rule 20(a)(2) of the Federal Rules of Civil Procedure ("FRCP") permits the joinder of defendants in one action if: 1) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and 2) any question of law or fact common to all defendants will arise in the action. Fed. R. Civ. P. 20(a)(2).

To aid in their application of the "transaction or occurrence test," courts look to how the test is applied in other provisions of the Federal Rules, such as Rule 13(a). *Mosley v. General Motors Corporation*, 497 F.2d 1330, 1332-33 (8th Cir. 1974). The Supreme Court states that the meaning of "transaction," as used in Rule 13(a), "may comprehend a series of many occurrences, depending not so much upon the immediateness of their own connection as upon their logical relationship." *Moore v. New York Cotton Exchange*, 270 U.S. 593, 610 (1926). Accordingly, "Rule 20 would permit all reasonably related claims by or against different parties to be tried in a single proceeding. Absolute identity of all events is unnecessary." *Mosley*, 497 F.2d at 1333. The second prong of Rule 20(b) is satisfied if "some question of law or fact common to all the parties will arise in the action." *League to Save Lake Tahoe v. Tahoe Reg. Plan. Agcy.*, 558 F.2d 914 (9th Cir. 1977) (citing Wright & Miller, *Federal Practice and Procedure*: Civil § 1653). After evaluating the Rule 20(a)(2) requirements, "a district court must examine whether permissive

joinder would "comport with the principles of fundamental fairness" or would result in prejudice to either side." *Coleman v. Quaker Oats Company*, 232 F.3d 1271, 1296 (9th Cir. 2000).

In deciding whether to allow joinder at a particular stage of the litigation, the joinder rules are "to be construed liberally in order to promote trial convenience and to expedite the final determination of disputes, thereby preventing multiple lawsuits." *League to Save Lake Tahoe*, 558 F.2d at 917. "Under the Rules, the impulse is toward entertaining the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 724 (1966). The purpose of the joinder rules is, *inter alia*, to "avoid multiplicity of suits." *Stanley Works v. Haeger Potteries, Inc.*, 35 F.R.D. 551, 554 (N.D. Ill. 1964).

**B.  Plaintiff's allegations exhaustively satisfy the Rule 20(a)(2) requirements for joinder.**

Plaintiff's allegations satisfy the Rule 20(a)(2) requirements for joinder. *E.g.*, *MCGIP, LLC v. Does 1–18*, No. 11-1495, 2011 WL 2181620, at *1 (N.D. Cal. June 2, 2011) (Chen, J.) (citing *Voltage Pictures, LLC v. Does 1–5,000*, No. 10-0873, 2011 WL 1807438, at *4 (D.D.C. May 12, 2011)) (finding comparable pleadings "proper" for permissive joinder at the early discovery stage of the litigation).

First, the complaint alleges that all of the Doe Defendants were part of a common scheme. For example, the complaint asserts that "[i]n using the P2P BitTorrent file distribution method, each Defendant engaged in a concerted action with other Defendants and yet unnamed individuals to reproduce and distribute Plaintiff's Video by exchanging pieces of the Video file in the torrent swarm." (Compl. ¶ 33.) Second, the complaint alleges that the Doe Defendants used the BitTorrent protocol to distribute Plaintiff's works amongst themselves— which by virtue of the nature of the BitTorrent protocol necessarily involves collaboration among the Doe Defendants. (Compl. ¶¶ 8, 11–13, 15, 23.) *See also, e.g.*, *Patrick Collins, Inc. v. Does 1–2,590*,

4

No. C 11-02766 MEJ, 2011 WL 3740487, at *6 (N.D. Cal. Aug. 24, 2011) ("[T]he Court finds that Plaintiff has at least presented a reasonable basis to argue that the BitTorrent protocol functions in such a way that peers in a single swarm downloading or uploading a piece of the same seed file may fall within the definition of 'same transaction, occurrence, or series of transactions or occurrences' for purposes of Rule 20(a)(1(A).'). Finally, Plaintiff asserted a right to relief against the Doe Defendants jointly and severally for the Doe Defendants' active participation in a civil conspiracy and the associated infringement damage. (Compl. at 9 ¶ 4.)

Such allegations have been deemed sufficient to sustain joinder while discovery of Doe Defendants' identities is underway. Order 3, *Hard Drive Prods., Inc. v. Does 1–44*, No. 11 C 2828 (N.D. Ill. Aug. 9, 2011) (Holderman, C.J.) ("At this point in the litigation, the court finds that Hard Drive has alleged sufficient facts to suggest that joinder of the John Doe defendants in one lawsuit is appropriate."); *MCGIP, LLC*, 2011 WL 2181620, at *4 (Chen, J.) (holding such allegations were sufficient at the early stage of litigation and postponing further joinder discussion until movants were made party to the litigation); *Voltage Pictures*, 2011 WL 1807438, at *4 (same); *see also Call of the Wild Movie, LLC v. Does 1–1,062*, No. 10-455, 2011 WL 996786, at *465 (D.D.C. Mar. 22, 2011) (finding plaintiffs' allegations that the Doe defendants used BitTorrent, BitTorrent "makes every downloader also an uploader," and any peer who has completed a download "is automatically a source for the subsequent peer" to be sufficient to make claims against defendants "logically related"); *First Time Videos, LLC v. Does 1–500*, No. 10 C 5254, 2011 WL 3498227, at *11 (N.D. Ill. Aug. 9, 2011) (same).

As to the second prong of 20(a)(2), this suit involves questions of law and fact that are common to all defendants. Plaintiff's complaint singles out several legal questions underlying the claims against each defendant. (Compl. ¶ 8.) Further, this suit involves common questions of

fact. By way of example, the methods used "to investigate, uncover, and collect evidence about any infringing activity will be the same as to each Doe Defendant." *First Time Videos*, 2011 WL 3498227, at *12.

### C. Joinder at the early discovery stage of the litigation promotes principles of fundamental fairness.

Under the Federal Rules, "the impulse is towards entertaining the broadest possible scope of action consistent with fairness to the parties." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 724 (1966). Joinder is strongly encouraged because it promotes judicial economy. It inherently allows parties to join, *inter alia*, related parties and have common issues of law and fact decided for all of the parties in a single decision.

At this stage of the litigation— where Plaintiff is simply seeking the identities of individuals associated with IP addresses— joinder is not only consistent with principles of fundamental fairness, but actually promotes the same. *First Time Videos*, 2011 WL 3498227, at *11 ("[J]oinder at this stage is consistent with fairness to the parties and in the interest of convenience and judicial economy because joinder will secure the just, speedy, and inexpensive conclusion for both FTV and any future named defendants í  [Severance would] make it highly unlikely that FTV could protect its copyrights in a cost-effective manner."); *Call of the Wild Movie*, 2011 WL 996786, at *4–7 ("Joinder will avoid prejudice and needless delay for the only party currently in the case, namely the plaintiff, and promote judicial economy. . . . The putative defendants are not prejudiced but likely benefited by joinder, and severance would debilitate the plaintiffs' efforts to protect their copyrighted materials and seek redress . . . .").

A pair of motions in a comparable copyright infringement case provide a classic illustration of why joinder at this stage of the litigation promotes fundamental fairness. In that case, two motions were brought on behalf of two different IP addresses, but both motions and IP

addresses actually were associated with the *same individual*. *See Hard Drive Prods., Inc. v. Does 1–69*, C-11-03004, (N.D. Cal. Aug. 25, 2011), ECF Nos. 12613. Even though those two motions were brought on behalf of two different IP addresses, both motions and IP addresses actually belonged to a single individual. *See id.* It would quite plainly be outside the bounds of judicial discretion to sever identical claims brought against a single individual. Multiple IP addresses (and thus multiple alleged Doe defendants) are frequently associated with a single individual. This happens when an individual's modem is reset. Each time it is reset, the individual subscriber is assigned a different IP address. If, for instance, the individual is in the swarm containing the unique file with Plaintiff's video, and then his cable modem is reset, he will still remain in the same swarm with the same unique file, but he will simply appear under the cover of a new IP address.

By way of another example, in a case filed in the Northern District of Illinois against 28 Doe defendants, *each* of the IP addresses listed in the complaint was, in fact, associated with the *same* individual. *See* Steele Decl. Ex. A. Had that court severed the case before the plaintiff had completed early discovery, plaintiff would have unwittingly filed 28 *separate* copyright infringement actions against the *same* anonymous individual. This would have entailed 28 separate filing fees, complaints, civil cover sheets, attorney appearance forms, corporate disclosure statements, motions for expedited discovery, memoranda of law in support thereof, declarations, proposed orders, motion hearings and subpoenas. The responding Doe defendant would have received 28 separate ISP notification letters, would have had to file 28 separate motions to quash and answer 28 separate complaints— lest he be subject to a default judgment. The 28 separate actions could have been before all of the judges in the Eastern Division of the Northern District of Illinois and would almost certainly have received some level of inconsistent

7

treatment. No plausible argument can be made that severance would have been appropriate in this real world example. The same is true here.

Just as personal jurisdiction analysis is premature when the Court does not know a defendant's identity— and thus does not know whose contacts to evaluate— so too is it premature at the identification stage of litigation to sever unidentified parties. Without knowing who the parties are (i.e., whether a given individual is associated with some or all of the IP addresses in a complaint), a court cannot know whether it is severing identical claims against the same individual. Moreover, the unfortunate individual who is severed multiple times from the same action as a result of premature severance would face multiple claims, multiple lawsuits and a much higher overall litigation burden than would have occurred had a court deferred the severance question merely until the plaintiff received identifying information from the ISP(s).

The Honorable Judge Howell of the United States District Court for the District of Columbia presciently anticipated the multiple IP address-per-individual scenario outlined above. Judge Howell reasoned that severance would be especially contrary to the interests of any individuals who have been named as Doe Defendants multiple times in the same suit for multiple observed instances of infringing activity:

> [S]ome IP addresses may relate to the same person, who is engaged in the allegedly infringing activity claimed by plaintiffs. Severance of the putative defendants associated with different IP addresses may subject the same [ISP] customer to multiple suits for different instances of allegedly infringing activity and, thus, would not be in the interests of the putative defendants.

*Call of the Wild Movie*, 2011 WL 996786, at *6.

It is worth noting that small business copyright holders, such as Plaintiff, would literally have no realistic means of economically enforcing their copyrights against digital infringement if misjoinder decisions forced them into a judicially-imposed game of Russian Roulette (i.e. being

8

required to pay separate filing fees and hoping that the IP addresses pursued are not associated with the same underlying individual). *First Time Videos, LLC v. Does 1–500*, No. 10 C 6254, 2011 WL 3498227, at *11 (N.D. Ill. Aug. 9, 2011) (Castillo, J.) (finding that the plaintiff would be prejudiced if severance were granted because the expense of litigation would be too great a hindrance on its ability to protect its legal rights). It is also worth noting that many of the infringer(s) named in Plaintiff's complaint may actually prefer joinder at the early stage of the litigation. After all, Plaintiff can recoup its legal costs at very low settlement amounts when it is not forced to sue the same individual multiple times. Furthermore, "joined defendants enjoy the benefit of seeing what defenses, if any, other defendants may assert to avoid liability." *Id.* (citing *London-Sire Records v. Doe 1*, 542 F. Supp. 2d 153, 161 (D. Mass. 2008)). Of course, individuals who wish to litigate their claims can always move for severance at an appropriate time.

Finally, Plaintiff observes that Rule 21 safeguards the Court from an unreasonable burden on its own docket. Rule 21 vests the Court with the discretion to sever this action, *sua sponte*. *See* Fed. R. Civ. P. 21. Certain of the Court's esteemed colleagues in other jurisdictions were concerned about the litigation logistics that would result from multiple parties defending a copyright action at once. These concerns might have merit at a later stage of the litigation, but the power of *sua sponte* severance makes predicting the future unnecessary. The Court need only be concerned with the immediate-term because it retains the authority to sever an action, *sua sponte*, when the circumstances dictate.

All of the foregoing considerations reveal the wisdom and reasoning behind why the overwhelming majority of federal courts elect to defer the joinder question until the identities of the individuals associated with the IP addresses have been ascertained.

**D. Severance at this stage of the litigation would separate an essentially unitary problem.**

While joinder rules are ultimately discretionary in nature, this discretion is not without limit. According to the Second Circuit, "an attempt to separate an essentially unitary problem is an abuse of discretion." *Spencer, White & Prentis, Inc. v. Pfizer, Inc.*, 498 F.2d 358, 362 (2d Cir. 1974) (emphasis added); *see also SEC v. Leslie*, No. C 07-3444, 2010 WL 2991038 at *4 (N.D. Cal. July 29, 2010) (citing the abuse of discretion standard set forth in *Spencer, White & Prentis, Inc.*); *Zaldana v. KB Home*, C 08-3399, 2010 WL 4313777, at *1 (N.D. Cal. Oct. 26, 2010). Here, Movant's request for severance of the parties may sever an identical claim against an identical individual—the purest imaginable form of a unitary problem.

Movant argues that each Defendant "*may* be able to present different legal defenses." (Mot. to Sever at 21 (emphasis added).) While this may prove to be true, it does not follow that joinder at this stage of the litigation is inappropriate. Such defenses and individual circumstances are still prospective while the Doe Defendants remain anonymous, and "[p]rospective factual distinctions . . . will not defeat the commonality in facts and legal claims that support joinder under Rule 20(a)(2)(B) at this stage of the litigation." *First Time Videos*, 2011 WL 3498227, at *10. "Any future named defendant will still be considered individually for any ruling on the merits . . . belying the notion that joinder will deny any defendant individual justice." *Id.* at *11. This Court should proceed along a similar path, allowing the essentially unitary problems in this action— including the identification of Doe Defendants— to be handled jointly, while also allowing each Doe Defendant to be heard individually after being named, when and *if* any actual factual distinctions actually arise. The Court should therefore deny Movant's motion for severance until Defendants have actually been identified and named; in doing so, the Court will promote fundamental fairness and judicial economy.

10

**E. Courts that have found misjoinder in similar cases misunderstood the BitTorrent protocol.**

A minority of courts in California have found misjoinder in cases similar to the present action; one such case is *Hard Drive Productions, Inc. v. Does 1–188*, No. C-11-01566 (N.D. Cal. Aug. 23, 2011), ECF No. 26 (Spero, J.). Movant relies almost entirely upon this sole case to support his motion to sever. (*See* Mot. to Sever at 19́621.). However, in this caseô as in each of those cases where courts have found misjoinderô the court misunderstood a few key characteristics of the BitTorrent protocol. A complete understanding of the issues raised by other courts should help this Court understand why joinder is necessary in this BitTorrent infringement case.

A common reason given by courts for finding misjoinder is the belief that the Doe defendants were not in the same swarm, and, therefore, did not truly interact with each other in the same transaction or occurrence. *See Hard Drive Prods., Inc. v. Does 1–188*, No. C-11-01566, at 17 (N.D. Cal. Aug. 23, 2011), ECF No. 26; *OpenMind Solutions, Inc. v. Does 1–39*, No. C 11-3311, at 8́69 (N.D. Cal. Aug. 23, 2011), ECF No. 11; *Hard Drive Prods., Inc. v. Does 1–42*, No. C-11-01956, at 2 (N.D. Cal. July 14, 2011), ECF No. 14;[1] *Pacific Century Int'l, Ltd. v. Does 1–101*, No. C-11-2533, at 6 (N.D. Cal. July 8, 2011), ECF No. 7. This is simply untrue. While it is true that there were multiple swarms that distributed Plaintiff́s copyrighted content, this lawsuit only identifies infringers in *one* particular swarm. (*See* Hansmeier Decl. ¶ 15, ECF No. 3-1 (explaining the process of finding and identifying Doe defendants in a single swarm); Compl. ¶¶ 23, 35 (describing the infringing conduct of Doe defendants in a single swarm).)

---

[1] The court in *Hard Drive Productions, Inc. v. Does 1–42* later determined that joinder of the parties was appropriate and granted *ex parte* discovery without severing any parties from the case. *See* ECF No. 20.

Another related reason for finding misjoinder is that the defendants were not sharing the exact same file within the swarm. *See OpenMind Solutions, Inc.*, No. C 11-3311, at 9; *Hard Drive Prods., Inc. v. Does 1-42,* C-11-01956, at 2; *Pacific Century Int'l, Ltd.*, No. C-11-2533, at 6. This is also untrue. By definition, a single swarm will have only one file in it. (*See* Hansmeier Decl. ¶¶ 9, 14, ECF No. 3-1 (explaining that a single ötorrentö file is available in a single swarm and this can be identified by the Distributed Hash Tables).) All Doe defendants in this case exchanged the same exact file while in the same exact swarm and are therefore participating in the same transaction or occurrence.

Other common justifications for finding misjoinder include the assertions that the Doe defendants were not in the swarm at the exact same date and time, and that there is no evidence that any particular Doe defendant interacted with any other particular Doe defendant. *See Hard Drive Prods., Inc. v. Does 1–188*, No. C-11-01566, at 17ö18; *OpenMind Solutions, Inc.*, No. C 11-3311, at 8; *Boy Racer, Inc. v. Does 1–60*, No. C 11-01738, at 5 (N.D. Cal. Aug. 19, 2011), ECF No. 24; *MCGIP, LLC v. Does 1–149*, No. C 11-02331, at 5 (N.D. Cal. Aug. 15, 2011), ECF No. 13. These claims lack merit once the nature of the BitTorrent protocol is understood. The BitTorrent protocol dictates that each Doe defendant (a peer) downloads a random portion of the file while in the swarm. (Hansmeier Decl. ¶ 9, ECF No. 3-1.) After a peer has downloaded its part of the file, it then shares that piece and subsequent pieces with other peers in the swarm. (*Id.*) The effect of this protocol is that each peer is both a downloader and uploader of an illegally-transferred file. (*Id.*) Even after a Doe defendant has physically disconnected from the swarm, the parts of the file that he downloaded and uploaded will continue to be transferred to other Doe defendants remaining in the swarm, so his influence and effect on the swarm will be felt long after he has left the swarm. As explained above, a transaction or occurrence depends

12

more on the logical relationship between the actions than on the immediateness of their connection. *New York Cotton Exchange*, 270 U.S. at 610. Further, the date and times for each individual IP address in Exhibit A of the Complaint are the dates and times that Plaintiff observed the Doe defendant in the swarm and are not the only time in which that Doe defendant participated in that swarm. Plaintiff's observation is simply a snapshot of the entire interaction among the Doe defendants. (*See* Hansmeier Decl. ¶ 15, ECF No. 3-1.) In fact, individuals can remain within a single swarm for months at a time. Peers associated with a BitTorrent swarm have continual and long lasting effects on that swarm whether they are still connected to the swarm or not.

A final argument raised by courts for misjoinder is that joinder would be unfair to the defendants in the case: the case would be unmanageable, there would be too many different defenses and issues, and it would be too expensive. *See Hard Drive Prods., Inc. v. Does 1–188*, No. C-11-01566, at 19; *MCGIP, LLC*, No. C 11-02331, at 566. These arguments may have merit in the future, but to grant misjoinder now would not promote fairness. This is especially true since it is very common for at least some of the Doe Defendant IP addresses named in the case to correspond to the same individual. *See* discussion *supra* Part II.C. If this Court were to sever parties from the case at this point in the litigation, it would risk severing identical claims against the same individual. The court can sever parties from a case because of misjoinder problems on its own accord at any time, and justice would be better served by waiting until the Court has a more complete understanding of the identities of all parties involved. These are just a few reasons why the "overwhelming majority" of courts have denied similar motions to sever prior to the completion of initial discovery. *First Time Videos, LLC v. Does 1–76*, No. 11 C 3831, 2011

13

WL 3586245, at *4 (N.D. Ill. Aug. 16, 2011). The Court should therefore deny the instant motion to sever at this time.

**F.   The exclusive remedy for misjoinder is severance, not the quashing of a subpoena.**

Movant asks the Court to quash or vacate the subpoena issued to Comcast on the grounds of misjoinder (*see* Mot. to Sever at 21), but he does not explain how misjoinder constitutes grounds for quashing a subpoena. Fed. R. Civ. P. 21 vests courts with the power to sever cases, but it does not vest courts with the power to quash subpoenas. Instead, this power— and its limits— are established in Fed. R. Civ. P. 45. By asking the Court to quash the subpoena on the grounds of misjoinder, Movant is grasping at straws for any method to avoid being held to account for his actions.

As discussed above, Movant's only allowable basis for quashing this subpoena is if it "requires disclosure of privileged or other protected matter, if no exception or waiver applies." *Id.* 45(c)(3)(A)(iii). Courts have held that Internet subscribers do not have an expectation of privacy in their subscriber information, as they have already conveyed such information to their Internet Service Providers. *See, e.g., Guest v. Leis*, 255 F.3d 325, 335–36 (6th Cir. 2001); *United States v. Hambrick*, Civ. No. 99-4793, 2000 WL 1062039, at *4 (4th Cir. Aug. 3, 2000); *United States v. Kennedy*, 81 F. Supp. 2d 1103, 1110 (D. Kan. 2000). As one court reasoned, "if an individual subscriber opens his computer to permit others, through peer-to-peer file-sharing, to download materials from that computer, it is hard to understand just what privacy expectation he or she has after essentially opening the computer to the world." *In re Verizon Internet Servs., Inc.*, 257 F. Supp. 2d 244, 267 (D.D.C. 2003), *rev'd on other grounds sub nom, Recording Indus. Ass'n of Am., Inc. v. Verizon Internet Servs., Inc.*, 351 F.3d 1229 (D.C. Cir. 2003); *see also MCGIP, LLC v. Does 1–18,* No. C-11-1495, 2011 WL 2181620 at *1 (N.D. Cal. June 2, 2011); *UMG Recordings, Inc. v. Does 1–4*, No. 06-0652, 2006 WL 1343597, at *2 (N.D. Cal. Mar. 6,

2006) (ö[T]he defendants diminished any expectation of privacy they may have had by opening their computer to others through peer-to-peer file sharing.ö)

The mere severance of a party (or parties) from this case at the early discovery stage does not reduce the relevance of the information sought in the subpoenas. In particular, the information sought would allow Plaintiff to identify the remaining defendantøs potential co-conspirators, would allow Plaintiff to more accurately catalog the extent of harm caused by the remaining defendantøs infringement and would allow Plaintiff to determine whether any of the severed IP addresses are actually associated with the remaining defendant.

This Court has already found that Plaintiff would suffer irreparable harm if expedited discovery of the thirty peers identified by MCG were not granted. (*See* Op. & Order, at 3ó4, July 1, 2011, ECF No. 5.) This analysis does not change simply because certain Doe defendants are severed from the litigation. Plaintiff has good cause for seeking this information because it is highly relevant to the action, it is under threat of imminent destruction due to finite data retention policies at ISPs and Plaintifføs need for this information outweighs any prejudice to the responding party.

Federal courts across the country have generally recognized a duty on their part to assist plaintiffs in their quest for defendantsø true identities, and therefore routinely and virtually universally allow *ex parte* discovery to identify unknown defendants. *See, e.g.*, *Wakefield v. Thompson*, 177 F.3d 1160, 1163 (9th Cir. 1999) (error to dismiss unnamed defendants given possibility that identity could be ascertained through discovery) (citing *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980) (ö[W]here the identity of the alleged defendants [is] not [ ] known prior to the filing of a complaint . . . the plaintiff should be given an opportunity through discovery to identify the unknown defendants.ö)); *Donald v. Cook Cnty. Sheriff's Dept.*, 95 F.3d

548, 555 (7th Cir. 1996) ("To the extent the plaintiff faces barriers to determining the identities

of the unnamed defendants, the court must assist the plaintiff in conducting the necessary

investigation."); *see also id.* at 555 n.3 (collecting cases); *Dean v. Barber*, 951 F.2d 1210, 1215

(11th Cir. 1992) (finding error in district court's denial of a plaintiff's motion to join an unknown

defendant where identity of the defendant could have been determined through discovery);

*Maclin v. Paulson*, 627 F.2d 83, 87 (7th Cir. 1980) (reversing and remanding because when "a

party is ignorant of defendants' true identity . . . plaintiff should have been permitted to obtain

their identity through limited discovery") (citing *Owens v. Haas*, 601 F.2d 1242, 1247 (2d Cir.

1979); *Gordon v. Leeke*, 574 F.2d 1147, 1152-53 (4th Cir. 1978)). This is because the very

purpose of discovery is to make trial "less a game of blind man's bluff and more a fair contest

with the basic issues and facts disclosed to the fullest practicable extent possible." *United States

v. Procter & Gamble*, 356 U.S. 677, 683 (1958). Although Plaintiff reiterates that the thirty Doe

Defendants are properly joined in this action at this stage of the litigation, Plaintiff respectfully

urges the Court in the alternative to properly apply Rule 45.

## CONCLUSION

Plaintiff respectfully requests the Court to deny Movant's motion to sever. Joinder is

appropriate at this early discovery stage of the litigation where neither Plaintiff nor the Court

even knows how many individuals are associated with the IP addresses listed in Plaintiff's

complaint.

Respectfully submitted,


HARD DRIVE PRODUCTIONS, INC.

**DATED:**  September 26, 2011


By:      /s/ Timothy V. Anderson
         Timothy V. Anderson, Esq.
         Anderson & Associates, PC
         2492 North Landing Rd, Ste 104
         Virginia Beach, VA 23456
         VSB 43803
         *Counsel for Plaintiff*
         (757) 301-3636 tel
         (757) 301-3640 fax
         timanderson@virginialawoffice.com

17

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on September 26, 2011, all counsel of record who are deemed to have consented to electronic service are being served a true and correct copy of the foregoing document using the Court's CM/ECF system.


/s/ Timothy Anderson____
TIMOTHY ANDERSON