**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
Norfolk Division

HARD DRIVE PRODUCTIONS, INC.,

Plaintiff,

v. ACTION NO. 2:11cv345

JOHN DOES 1-30,

Defendants.

**OPINION AND ORDER**

The Motion to Sever (ECF No. 12) is brought before the undersigned by pro se Defendant John Doe IP Address 69.143.57.188 ("John Doe") requesting that John Doe be severed from the rest of the Doe Defendants ("Doe Defendants").[1] The Motion to File Under Seal (ECF No. 9) is brought before the undersigned by John Doe to proceed anonymously in the case.

## I. FACTUAL AND PROCEDURAL HISTORY

Plaintiff Hard Drive Productions, Inc., ("Plaintiff") filed a Complaint on June 17, 2011, for copyright infringement against John Does 1-30. ECF No. 1. In the Complaint, Plaintiff alleges that Doe Defendants used BitTorrent based peer-to-peer networks to unlawfully distribute Plaintiff's copyrighted materials, an adult video titled "Amateur Allure- Zoe," in violation of the United States Copyright Act, 17 U.S.C. §§ 101, *et seq*. Compl. ¶¶ 1, 3, and 5. To establish personal jurisdiction in this district, Plaintiff used geolocation technology to trace the IP

[1] While only one Defendant, John Doe, has filed a Motion to Sever, in the interest of justice, the Court, *sua sponte*, determined that this Opinion and Order was necessary to conform to the Federal Rules of Civil Procedure.

addresses of each Doe Defendant to a point of origin within Virginia. Compl. ¶ 6.

On the same day the Complaint was filed, Plaintiff filed an Ex Parte Motion for Leave to take Discovery prior to the Rule 26(f) Conference (ECF No. 3) in order to issue Rule 45 subpoenas to the ISPs providing IP addresses for Defendants. Mot. for Expedited Disc. 1. This motion was filed in an effort to gain immediate access to the names, addresses, telephone numbers, and email addresses of the Doe Defendants, which the Internet Service Providers ("ISPs") maintain for only a short period of time. Id. On July 1, 2011, the Court granted Plaintiff's Motion to Expedite Discovery (ECF No. 5), allowing for immediate service of the subpoenas, finding a great likelihood that such evidence would disappear without expedited discovery. Op. and Order 4, ECF No. 5.

On August 24, 2011, John Doe filed a Motion to File Under Seal (ECF No. 9), asking to proceed anonymously to avoid any "harassment, injury, ridicule, or personal embarrassment" that may result from his identity being publicly revealed. Mot. to File Under Seal 4, ECF No. 9 (citing Does I thru XXIII v. Advanced Textile Corp., 214 F.3d 1058, 1067-68 (9th Cir. 2000)). On August 31, 2011, Plaintiff filed a Response in Opposition to the Motion to File Under Seal (ECF No. 10), arguing that John Doe provided no evidence to suggest that any such harassment or ridicule *will* occur, or has occurred in other copyright infringement cases, but only that such injury is possible.

John Doe then filed a Motion to Sever (ECF No. 12) on September 8, 2011, alleging that Plaintiff has produced no evidence of concerted action amongst Defendants to warrant joinder, prejudicing the improperly joined Doe Defendants. Mot. to Sever 21. On September 26, 2011, Plaintiff responded to the Motion to Sever (ECF No. 14), arguing that all Defendants were properly joined because of their common scheme in using the BitTorrrent protocol to reproduce

and distribute Plaintiff's copyrighted materials amongst themselves. Opp'n to Mot. to Sever 4.

On October 13, 2011, another anonymous Doe Defendant ("Doe Defendant X") filed a letter under seal with the Court. Letter, ECF No. 16. In this letter, Doe Defendant X stated that he had been contacted by John Steele, Esq.[2] regarding this matter. During the phone call, Mr. Steele offered Anonymous the 'opportunity' to settle for $3,400 by October 18th. Mr. Steele informed Doe Defendant X that Doe Defendant X would be named as a defendant in the case should this settlement offer be rejected.

Though the Court did previously grant Plaintiff's request for leave to take discovery prior to the Rule 26(f) conference, the Court finds, upon due consideration, that Doe Defendants 2-30, including John Doe, have been improperly joined in violation of Federal Rule of Civil Procedure 20(a)(2) and must be severed.

## II. STANDARD OF REVIEW

Fed. R. Civ. P. 21 provides that "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party." Fed. R. Civ. P. 21. A district court possesses broad discretion in ruling on a requested severance under Rule 21. Hanna v. Gravett, 262 F. Supp. 2d 643, 647 (E.D. Va. 2003) (citing Saval v. BL, Ltd., 71 F.2d 1027, 1031-32 (4th Cir. 1983)).

Fed. R. Civ. P. 20(a)(2) states that permissive joinder of defendants is proper if: "(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transaction or occurrences; and (B)

[2] John Steele, Esq., is an Illinois-based attorney, who has represented numerous other adult entertainment producers in cases now, or recently pending in the Northern and Southern Districts of Illinois. See VPR Internationale v. Does 1-1017, No. 11-2068, 2011 U.S. Dist. LEXIS 64656, at *6 n. 1 (C.D. Ill. Apr. 29, 2011). District judges have begun recognizing Steele's representation of these companies against multiple Doe Defendants, named without sufficient evidence as to their involvement, as "effort[s] to shoot first and identify his targets later." Mem. Order, Boy Racer, Inc. v. Does 1-22, No. 11-C-2984 ( C.D. Ill. May 5, 2011).

any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P 20(a)(2). Courts have routinely held that parties are misjoined when either of the preconditions set forth in Rule 20(a) have not been satisfied. Hanna, 262 F. Supp. 2d at 647.

**III. ANALYSIS**

The BitTorrent protocol at issue is a type of peer-to-peer network. In such peer-to-peer networks, each individual internet user is called a "peer," and an entire group of users is identified as a "swarm." Compl. ¶ 12. While traditional file transfer protocols utilize a central server, which distributes data directly to individual users, the BitTorrent protocol is a decentralized method of distributing data. Compl. ¶¶ 10-11. That is, by using this protocol, each peer can download and upload a transferred file and distribute data to other members of the swarm. Compl. ¶ 11. The names of the peers in the swarm are unknown, lending to great anonymity; the users distribute and download materials under the cover of their IP address. Compl. ¶ 14. These IP addresses are distributed to individuals by ISPs, who keep the logs of these addresses for only a short period of time. Mot. to Expedite Disc. Ex. A ¶ 16. As the swarm continues to expand, the distribution of copyrighted material quickens, further making this protocol an extremely popular method of transferring files. Compl. ¶ 15.

Plaintiff relies on this "swarm" theory to claim that the Doe Defendants acted in concert through a series of transactions to commit the infringement, giving rise to proper joinder. Compl. ¶ 33. The Court, however, disagrees with this conception of proper joinder under the Federal Rules of Civil Procedure. Because the Court finds that Plaintiff has failed to meet the preconditions set forth in Rule 20(a), the Doe Defendants have been misjoined and must be severed. Hanna v. Gravett, 262 F. Supp. 2d 643, 647 (E.D. Va. 2003).

Plaintiff has failed to show any right to relief against Doe Defendants arising out of the

same transaction, occurrence, or series of transactions or occurrences as required under Rule 20(a). See Mem. Order, K-Beech, Inc. v. John Does 1-85, Civ. A. No. 3:11cv469 (E.D. Va. Oct. 5, 2011) (granting a motion to sever in an almost identical case). Simply committing the "same type of violation in the same way does not link defendants together for the purposes of joinder." Laface Records, LLC v. Does 1-38, No. 5:07-cv-298, 2008 U.S. Dist. LEXIS 14544, at *7 (E.D.N.C. Feb.27, 2008). The Court agrees with Judge Spero's analysis in a recent decision from the United States District Court for the Northern District of California:

> Under the BitTorrent Protocol, it is not necessary that each of the Does 1-188 participated in or contributed to the downloading of each other's copies of the work at issue- or even participated in or contributed to the downloading by any of the Does 1-188. Any 'pieces' of the work copied or uploaded by any individual Doe may have gone to any other Doe *or to any of the potentially thousands who participated in a given swarm*. The bare fact that a Doe clicked on a command to participate in the BitTorrent Protocol does not mean that they were part of the downloading by unknown hundreds or thousands of individuals across the country or across the world. . . Indeed, Plaintiff concedes that while the Doe Defendants may have participated in the same swarm, they may not have been physically present in the swarm on the exact same day and time.

Hard Drive Prods., Inc. v. Does 1-188, No. C-11-01566, U.S. Dist. LEXIS 94319, at *39-40 (N.D. Cal. Aug. 23, 2011) (internal quotation marks omitted).

Further, in this District, several nearly identical cases are currently pending involving the alleged use of BitTorrent protocols to engage in copyright infringement. See Mem. Orders, K-Beech, Inc. v. John Does 1-85, Civ. A. No. 3:11cv469 (E.D. Va. Oct. 5, 2011), Patrick Collins, Inc. v. John Does 1-58, Civ. A. No. 3:11cv531 (E.D. Va. 2011 Oct. 5, 2011), Raw Films, Ltd. v. John Does 1-32, Civ. A. No. 2:11cv532 (E.D. Va. 2011 Oct. 5, 2011). In these aforementioned cases, as in the one before this Court, Plaintiffs sought, and the Court granted, expedited

discovery allowing Plaintiffs to issue Rule 45 subpoenas to Doe Defendants. Mem. Order 4, K-Beech, Inc., Civ. A. No. 3:11cv469. Further, Doe Defendants in those cases indicated that Plaintiffs have contacted them directly, demanding compensation to end the litigation. Id. This threatening behavior on behalf of Plaintiffs in the cases listed above is identical in nature to the threatening phone call made to Anonymous by John Steele on October 13, 2011 in the instant case before this Court. Letter. Notably, when any Doe Defendant in the cases above has filed a motion to sever, Plaintiffs have hastily and voluntarily dismissed that Doe Defendant as a party in the matter to avoid the issue being presented to the Court for a resolution. Mem. Order 4, K-Beech, Inc., Civ. A. No. 3:11cv469.

As opined in these cases, the Court agrees that mere allegations that Doe Defendants have used the same peer-to-peer network to copy and reproduce their videos is insufficient to meet the standards of joinder. Millenium TGA, Inc. v. Does 1-21, No. 11-2258, 2011 U.S. Dist. LEXIS, at *6-7 (N.D. Cal. May 12, 2011). Therefore, the Court concludes that joinder of the Doe Defendants in this action does not meet the threshold requirements of Rule 20(a). In the interest of fairness, the Court finds it appropriate to exercise its discretion under Rule 21 to sever all Doe Defendants, John Doe included, except Doe Defendant 1.

## IV. ORDER

For the foregoing reasons, the Court finds that Plaintiff has not met its burden, as stated in Fed. R. Civ. P. 20, to establish proper joinder of John Doe and the other Doe Defendants. Further, the Court ORDERS Doe Defendants 2-30 severed from this matter.

Plaintiff is ORDERED to show cause by November 15, 2011 as to why all the materials gained by the Rule 45 subpoenas previously issued, in accordance with the Order of July 1, 2011 (ECF No. 5), should not be suppressed. Additionally, Plaintiff is ORDERED to show cause as to

why the severed Doe Defendants 2-30 should not be fully dismissed from the matter. Further, Timothy Andersen, Esq., attorney for Plaintiffs, is ORDERED, within 5 days of the entry of this Order, to advise the Court as to whether he is associated with John Steele, Esq. in any way in this case.

The Clerk is DIRECTED to mail a copy of this Order to all counsel on record and to all interested parties in the matter, and to electronically send a copy of this Order to John Doe at the e-mail address John Doe has provided.

It is so ORDERED.

_________________/s___________________
Tommy E. Miller
UNITED STATES MAGISTRATE JUDGE

Norfolk, Virginia
October 17, 2011