IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION



FILED
JAN 18 2012
CLERK, U.S. DISTRICT COURT

**HARD DRIVE PRODUCTIONS, INC.,**

PLAINTIFF,

v.                                                    CIVIL CASE NO. 2:11CV345

**JOHN DOES 1-30,**

DEFENDANTS.

## ORDER

This matter comes before the Court to resolve objections to Magistrate Judge Tommy Miller's October 17, 2011 order to sever all Doe Defendants except Doe Defendant 1. Doc. 20.

### I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

This copyright action is brought by Plaintiff Hard Drive Productions, Inc., ("Plaintiff") against Doe Defendants who are alleged to have used BitTorrent based peer-to-peer networks to unlawfully distribute Plaintiff's copyrighted materials. Doc. 1. Plaintiff filed an ex parte motion for expedited discovery on the same day the Complaint was filed, in order to identify the names, addresses, telephone numbers, email addresses, and Media Access Control addresses of the Doe Defendants. Doc. 3. After the Court granted Plaintiff's motion to expedite discovery, Plaintiff issued a subpoena to the Internet Service Providers (ISPs) identified in Exhibit A attached to the Complaint. On August 10, 2011, pro se Defendant John Doe IP Address 69.143.57.188 ("John Doe") filed a motion to quash the subpoena. Doc. 7. John Doe also filed a Motion to File Under Seal and Motion to Sever, on August 24, 2011 and September 8, 2011, respectively. Docs. 9, 12. On October 17, 2011, the magistrate judge issued an opinion and

order, finding that all defendants except Doe Defendant 1 should be severed from the case. Doc. 19.

This matter is now before the Court to resolve objections to the magistrate judge's October 17, 2011 order. Plaintiff objects to the Court's severance order on the basis that the severance of Doe Defendants 2-30 is premature. Doc. 20 at 10. More specifically, Plaintiff contends that its pleadings satisfy the joinder requirements of Federal Rule of Civil Procedure 20(a) because they have "specifically alleged that all Defendants participated in one single civil conspiracy to commit copyright infringement, that each Defendant engaged in the same series of transactions involved in the distribution of Plaintiff's copyrighted work, that each Defendant intentionally engaged in concerted action with other Defendants by entering a single torrent swarm to accomplish the reproduction and distribution of Plaintiff's copyrighted work, and that Plaintiff has a right to relief against Defendants jointly and severally." Id. at 11–12 (citations omitted).

## II. LEGAL STANDARD AND ANALYSIS

Federal Rule of Civil Procedure 72 sets forth the procedure by which magistrate judges may resolve nondispositive matters, and allows "[a] party [to] serve and file objections to the order within 14 days after being served with a copy." Fed. R. Civ. P. 72(a). The same rule requires the Court to "consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Id. A finding is clearly erroneous when "although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." Montanile v. Botticelli, No. 1:08CV716, 2009 WL 2378684, at *2 (E.D. Va. July 28, 2009) (quoting United States v. U.S. Gypsum Co., 333 U.S. 364, 395 (1948)).

2

The issue of whether Doe Defendants 2-30, including John Doe, have been improperly joined, is governed by Federal Rule of Civil Procedure 20(a)(2). Pursuant to Rule 20(a)(2), permissive joinder of defendants is proper if: "(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). "On motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party." Fed. R. Civ. P. 21.

In concluding that Doe Defendants 2-30 have been improperly joined in violation of Federal Rule of Civil Procedure 20(a)(2), the magistrate judge determined that Plaintiff failed to demonstrate any right to relief against the defendants arising out of the same transaction, occurrence, or series of transactions or occurrences. Doc. 19 at 4–5. The magistrate judge found the "mere allegation that Doe Defendants have used the same peer-to-peer network to copy and reproduce [Plaintiff's] videos" to be insufficient to meet the standards of joinder set forth in Rule 20. Id. at 6. That finding was largely predicated upon the fact that Plaintiff's allegations of copyright infringement and civil conspiracy are based solely upon the nature of the BitTorrent protocol, which is a decentralized method of distributing data.[1] Id. at 5. In other words, the Complaint fails to contain any factual allegations connecting the defendants, other than the allegation that they all used the same peer-to-peer network to distribute Plaintiff's copyrighted work.

---

[1] By using this type of peer-to-peer network, individual internet users, called "peers," are able to download and distribute a particular file to other peers in the "swarm." Doc. 1 at ¶¶ 12–13. This file-sharing protocol permits individual users within the swarm to distribute data among themselves by exchanging pieces of the file with each other to eventually obtain a whole copy of the file. Id. at ¶ 11. The uploading and downloading of portions of the file occurs anonymously, under the cover of IP addresses distributed to individuals by ISPs. Id. at ¶ 14. Plaintiff relies upon the nature of this file-sharing protocol, in which peers of the swarm are simultaneously downloading and distributing pieces of a file, to argue joinder is appropriate.

Nothing in Plaintiff's objections suggests that the magistrate judge's findings were "clearly erroneous" or "contrary to law." As the magistrate judge correctly noted, "simply committing the 'same type of violation in the same way does not link defendants together for the purposes of joinder.'" Id. at 5 (quoting Laface Records, LLC v. Does 1-38, No. 5:07-CV-298-BR, 2008 U.S. Dist. LEXIS 14544, at *7 (E.D.N.C. Feb. 27, 2008)). Rather than pleading any facts showing that any particular defendant illegally shared Plaintiff's work with any other particular defendant, Plaintiff merely relies upon the nature of the BitTorrent distribution protocol to support its allegation that the Doe Defendants collaborated with one another to disseminate Plaintiff's copyrighted materials. However, many district courts around the country, including the Eastern District of Virginia, have found such allegations to be insufficient for joinder of multiple defendants under Rule 20. See Boy Racer, Inc. v. Does 1-60, No. C 11-01738 SI, 2011 WL 3652521, at *4 (N.D. Cal. Aug. 19, 2011) (finding that "[a]llegations that defendants used a single peer-to-peer network to download plaintiff's works—on different days, at different times, and through different ISPs—is insufficient to allow plaintiff to litigate against sixty different defendants in one action"); Memorandum Order, K-Beech, Inc. v. John Does 1-85, Civ. A. No. 3:11-CV-469 (E.D. Va. Oct. 5, 2011) (concluding that "[t]he mere allegation that the defendants have used the same peer-to-peer network to copy and reproduce the Work—which occurred on different days and times over a span of three months—is insufficient to meet the standards of joinder set forth in Rule 20"); Interscope Records v. Does 1-25, No. 6:04-CV-197, 2004 U.S. Dist. LEXIS 27782, at *10 (M.D. Fla. Apr. 1, 2004) (recommending sua sponte severance of multiple defendants where the only allegation connecting the twenty-five defendants is the use of the same peer-to-peer network to download Plaintiffs' copyrighted materials).

These similar cases demonstrate that a party has not met its burden under Rule 20 to establish proper joinder in the absence of any allegation indicating which of the defendants have actually downloaded the copyrighted materials from another defendant, as opposed to any other member of the swarm. Here, the Exhibit attached to Plaintiff's complaint indicates that the Doe Defendants were allegedly present in BitTorrent swarms on approximately twenty-five (25) different dates over a span of three months. Doc. 1, Ex. A. Accordingly, "[t]he nature of the BitTorrent protocol does not justify joinder of these otherwise unrelated Doe defendants." Boy Racer, 2011 WL 3652521, at *4.

The Court **OVERRULES** Plaintiff's objections to the magistrate judge's October 17, 2011 order and **ORDERS** Doe Defendants 2-30 **SEVERED** from this matter. It is further **ORDERED** that Plaintiff's claims against Doe Defendants 2-30 are **DISMISSED** without prejudice for improper joinder, and subject to Plaintiff's right to file individual complaints against those Doe Defendants against whom it wishes to proceed. In light of the Court's ruling, John Doe's Motion to Quash and Motion to File Under Seal are hereby **DENIED AS MOOT**. Docs. 7, 9.

The Clerk is **REQUESTED** to send a copy of this Order to all counsel of record and parties having responded pro se.

It is so **ORDERED**.

/s/
Henry Coke Morgan, Jr.
Senior United States District Judge

HENRY COKE MORGAN, JR.
SENIOR UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
Date: January 18, 2012